## CHARLES N. SCHULTZ et al., APPELLANTS, v. WILLIAM H. WINTER et al., RESPONDENTS.

ORDER OF JUDGE NOT FILED WITHIN HIS TERM OF OFFICE. Where a district judge on the last day of his term of office made an order overruling a demurrer, which, however, was not filed until a week afterwards: *Held*, no valid order, and that the action of his successor in setting it aside and hearing the issue anew was proper.

ORDERS MADE IN VACATION NOT VALID TILL ENTERED. An order of a judge upon an issue of law, if it be a final judgment, may be entered in term or vacation; but such an order in vacation can have no vitality until it be at least delivered to the clerk for filing.

MULTIFARIOUSNESS OF COMPLAINT. Where a complaint set forth that plaintiffs had appropriated separate and distinct portions of the waters of a creek flowing through their respective lands, and that afterwards defendants had absorbed nearly the entire waters, to the damage of plaintiffs in a certain amount, and threatened to continue such absorption, and praying for damages, an injunction and a settlement of the various rights of plaintiffs by a general decree: *Held*, demurrable for multifariousness.

APPEAL from the District Court of the Second Judicial District, Douglas County.

This was an action brought by Charles N. Schultz, H. F. Dangberg, Henry Ross, Emanuel Penrod, A. W. Burrill and H. H. Bence as administrator of the estate of Wm. Wilford, deceased, against William H. Winter and John Noal, alleging a diversion of the waters of a small stream of water known as Clear Creek, and forming the boundary line between Douglas and Ormsby Counties, and praying relief as stated in the opinion. The official term of Hon S. H. Wright, as judge of the Second Judicial District, by whom the first order was made, expired with the year 1870; that of Hon. C. N. Harris, his successor, commenced with the year 1871.

*Clayton & Davies*, for Appellants.

I. In the trial of issues of law, the court is not limited as to the time of rendering decisions. Practice Act, Sec. 156. There was no more right to vacate the order overruling the demurrer than

Schultz *v.* Winter.

there is for a judge to declare any judgment rendered by his pre-decessor in office a nullity, on motion, and order a trial *de novo.* The order overruling the demurrer could only be reviewed by appeal, assigning the ruling on it as error.

II. The amended complaint was not demurrable. It was not sought to litigate the rights of the plaintiffs, *inter se,* to the waters of Clear Creek, but to establish that plaintiffs are entitled to *all* the water flowing, or that would flow in it, if not diverted by de-fendants. There is no misjoinder of parties, because plaintiffs have a common interest in the subject matter and object of the suit.

III. Where the parties joined as plaintiffs are all interested in the principal question raised in the bill, and the issues tendered are simple, and a multiplicity of suits may be avoided, a demurrer for multifariousness will not be sustained. There cannot be any in-convenience in litigating the rights as between the plaintiffs and defendants in this case, the grievances complained of being a com-mon injury to all the plaintiffs. *Reed* v. *Gifford*, 1 Hopkins' Ch. R. 418; *Wilson* v. *Castro*, 31 Cal. 426; *People* v. *Morrill*, 26 Cal. 360; *Owen* v. *Frink*, 24 Cal. 178; *People* v. *Stratton*, 25 Cal. 244; 1 Peters, 305; 4 Peters, 202; 1 Barb. Ch. R. 63; 3 Barb. Ch. R. 432; 20 Pick. 368; 4 Allen, 341; 29 Miss. 350; 4 Cowen, 682; 23 Maine, 269; 14 Conn. 32; 10 Georgia, 109; 31 Maine, 81; 1 Atk. 282; 18 How. U. S. 253; Story's Eq. Pl. Secs. 121 *et seq.*

*Ellis & King,* for Respondents.

I. The order of Judge Wright, overruling demurrer, filed after the expiration of his term of office, was irregular and void. *Cham-pion* v. *Sessions*, 1 Nev. 478. If not, there may still subsist other valid orders in the case beyond the possibility of discovery by this court, waiting to be filed.

II. Persons having adverse or conflicting interests in reference to the subject matter of the litigation, ought not to join as com-plainants in the suit. *Grant* v. *Schoonhover*, 9 Paige, 257; *Le-*

*firt* v. *Delafield*, 3 Edw. 34 ; *Alston* v. *Jones*, 3 Barb. 400 ; *Marselis et al.* v. *Morris C. & B. Co.*, 1 Saxton Ch. 38.

No two of the plaintiffs claim any common or united interest in the same water or quantity of water, nor any such interest in the *use* of such water.   Nor do any two of them claim any right to the successive use of the same water.   No two claim any joint or common interest in any lands.   But their respective lands, as set up in complaint, are several and distinct, and their holdings adverse to each other, as well as to defendants.

There are as many subjects of litigation presented by the complaint in the case, as there are separate rights set up as existing in any one of the plaintiffs, in which any one of the other plaintiffs has *no* interest.

III. In the case at bar each plaintiff has the entire and exclusive right in some one subject of the litigation, *i. e.*, the particular quantity of water claimed by him.   No two of them are interested in any one object or subject of litigation.   There is certainly nothing in common between the plaintiffs in the case at bar, nor any common liability charged against the defendants.

By the Court, WHITMAN, J.:

In this case a demurrer was taken to the amended complaint of appellants, and submitted to the then presiding judge of the district court.   An order overruling the same was made by him on the thirty-first day of December, 1870, which was filed on the seventh day of January, 1871, after the expiration of his term of office. Subsequently on motion, the court, his successor presiding, set aside such order, heard and tried the issue of law, and sustained the demurrer.   This action is claimed as error, and it becomes necessary to pass upon that question ; for if error, the whole phase of the case is changed.

The trial of an issue of law is a court proceeding ; the order made therein, if a final judgment, may be entered in term or vacation, and if anything less, may probably be also thus entered ; but such an order, made in vacation, can have no vitality until at least it be

delivered to the clerk for filing. That was not done, in this case, until the official term of the judge signing the same had expired, and when his authority had ceased; so, in effect, there never was any order. Therefore, the court had power to hear the demurrer anew, as was done.

The demurrer, among other points, raises substantially the objection that the complaint is multifarious. The complaint states that the several appellants had diverted from its natural channel and appropriated to their own use, separate portions of the waters of a creek flowing through their lands; that they had so appropriated, diverted, and used, for irrigating and other useful purposes, one, a hundred and fifty inches, another fifty inches, and so on; that subsequent to such appropriation, the respondents had absorbed nearly the entire waters of said creek, and thereby damaged appellants in the sum of twenty-two hundred dollars in the past; that the prospective damage of the present season would be thirteen thousand dollars; that the respondents threaten the continuance of such absorption; wherefore, a judgment for damages is prayed, and a perpetual injunction against the wrongful acts recited, and a settlement of the various rights of appellants, by a general decree.

It has been said, by many courts, that it is a somewhat intricate question to decide, when or not a complaint is objectionable for multifariousness; but it would be more difficult to suggest a pleading open to such objection, if this is not. The complaint not only fails to show any community of interest between the plaintiffs, but clearly negatives any common interest. They are all holding adversely the one to the other, by separate distinct claims of appropriation. They ask, not that the waters of the creek may flow over their lands in their natural channel, but that each appropriator may divert, use, and dissipate certain specified portions thereof. In that it differs from the case of *Reed* v. *Gifford,* 1 Hop. Ch. 416, where a preliminary injunction was ordered in favor of certain riparian owners, the court there saying: " The rights of the general complainants to their respective lands are indeed distinct; but the grievance in question is a common injury to all the complainants. The water in its natural descent from the lake becomes the property of each of the complainants successively; all the complainants thus have right

in the same subject; and the nature of the case forms a community of interests in the complainants."

The case at bar is more nearly analogous to the case of *Marselis et al.* v. *Morris Canal & Banking Company*, 1 Saxton Ch. 31, and may well be governed by the rule laid down, which clearly expresses what a court of equity will not allow in cases of this kind. " The court will not permit several plaintiffs to demand, by one bill, several matters perfectly distinct and unconnected, against one defendant; nor one plaintiff to demand several matters, of distinct natures, against several defendants.    And according to this principle, I feel constrained to say that the bill cannot be sustained. There is no kind of privity between those complainants; there is no general right to be established as against this defendant, except the general right that a wrong doer is liable to answer for his misdeeds to the injured party; which surely does not require to be established by such a proceeding as this.    The utmost that can be said is, that the defendant stands in the same relative position to all these complainants.    There is no common interest in them all, certainly, in the point in issue in the cause ; which is the rule in 2 Anst. 469.    Nor is there any general right claimed by the bill, covering the whole case ; which is the principle adopted by Lord Ridesdale, *vide ante.*    Chancellor Kent's rule is quite as broad as any authority will warrant; but it is not broad enough for the case now before the court.    It requires that a bill against several persons must relate to matters of the same nature and having a connection with each other, and in which all the defendants are more or less concerned, &c."    And so, because the case came within the scope of no existent authority, nor of any rule which could be established upon principle, it was dismissed.

So here, for the same reason, there was no error in sustaining the demurrer and dismissing the bill.    The order and judgment of the district court are therefore affirmed.