·PROSSER v. THE CITY OF OTTUMWA.

1. **Municipal Corporations:** STREETS: DAMAGES. A city is presumed to open, vacate or keep in repair its streets with a view to the best interests of the public, but it is not compelled to respond in damages to persons residing outside of the city for a failure to keep them in repair, resulting in a diversion of public travel.

2. ——: ——: ——. One who owns a ferry outside of a city, from which public travel is diverted by the failure of the city to keep a certain street in repair, suffers no injury other than that shared by the general public, and is not entitled to damages therefor.

3. ——: ——: ——. Sections 3713, 3714, 3715 of the Revision did not abrogate the rule of law limiting recovery by individuals to cases in which special damage has been sustained.

*Appeal from Wapello District Court.*

FRIDAY, MARCH 24.

ACTION at law. The petition alleges that defendant is charged with the duty of keeping in repair the streets within its limits, and that for years it knowingly left a part of Main street out of repair so that it was impossible for travelers to pass therefrom to another street which connects with a highway leading to plaintiff's ferry across the Des Moines river at Port Richmond, about one-third of a mile from Ottumwa, whereby the travel was diverted from plaintiff's ferry, greatly to plaintiff's loss and injury. The petition claims damages sustained by plaintiff on account of such injury. A demurrer to the petition on the ground it presented no cause of recovery against defendant was sustained. From the judgment rendered upon the demurrer plaintiff appeals.

*H. B. Hendershott* and *Stiles & Burton*, for appellant.

One who sustains a special injury from an unlawful act, prejudicial to the public, may maintain an action for his own injury. The remedy by action is not barred by the act of abating the nuisance. (Shearman & Redf. on Neg., §§ 344–5–6; Sedg. on Dam., p. 26.) Whatever is an obstruction

to the free use of property, so as to essentially interfere with the comfortable enjoyment of life and property, is a nuisance and the subject of an action. (*Ewell v. Greenwood*, 26 Iowa, 380.)

*O. M. Ladd*, for appellee.

To constitute *special* damage, it must be different in kind and not simply greater in degree than that suffered by the general public. (*Willard v. Cambridge*, 3 Allen, 574; *Holman v. Townsend*, 13 Met., 297.) The damage which plaintiff alleges he has suffered is too contingent and speculative to be the subject of an action. (*Winne v. Kelley*, 34 Iowa, 339; *Prosser v. Wapello*, 18 Id., 326.) The kind of consequential damages sought in this action cannot be recovered of towns and cities. (*Blodgett v. City of Boston*, 8 Allen, 237; *Smith v. Dedham*, 8 Cush., 522; *Oliver v. Worcester*, 102 Mass., 489.) If plaintiff could have repaired the street and prevented the damages at moderate expense, it was his duty to do so. (*Simpson v. Keokuk*, 34 Iowa, 568.) Plaintiff must allege that he could not, at moderate expense and by ordinary effort, have prevented the damage. (*Sherod v. Langdon*, 21 Iowa, 518; *Greenleaf v. Ill. Cen. R. Co.*, 29 Id., 14.)

BECK, J.—I. We are of the opinion that the court correctly sustained the demurrer. The city has authority to open and vacate its streets. This power, when exercised, will be presumed to be exerted in answer to the wants of the public. While such action may tend to divert the public travel and direct it into new channels, it cannot subject the city to respond in damages at the suit of persons outside of the city whose interests are affected thereby. It cannot be claimed, if the city, in the exercise of its authority, had vacated Main street, plaintiff could have recovered. Such action would have been presumed to have been demanded by the wants of the city travel. The same rule will prevail in case of the failure to open or keep the street in such repair that it can be traveled.

1. MUNICIPAL corporations: streets: damages.

II. The plaintiff suffers no injury that is not shared by all persons whose interests are affected prejudicially by the failure of the city to repair the street. Such injury in every case, when sustained by the neglect complained of, results from the diversion of the travel. Plaintiff suffers in no other way. He has no right to the continuance of the street in a passable condition, and is not, therefore, injured by the deprivation of a right. His injury results from the diversion of travel. His interests may be affected in a greater degree, or differently from those of other persons who are injured by the city's neglect, nevertheless he suffers no special injury which is not shared by others. Under these circumstances the law gives him no remedy.

The case is different from that of a shop-keeper referred to by plaintiff's counsel, who suffers injury from an obstruction of the street upon which his business house is situated. He has a right to the unobstructed use on the part of the public of the street on which his shop is situated.

III. Counsel relies upon Rev., §§ 3713, 3714, 3715, which define nuisances and provide that whoever is injuriously affected thereby may maintain an action to recover for the injury sustained. But these sections by no means abrogate the rule of law which forbid actions by individuals to recover damages in cases where no special injuries, distinct from those sustained by the public, have been suffered. They authorize actions in proper cases contemplated by the law.

IV. If plaintiff's views be correct, the owner of a ferry could recover for all diversions of travel which would prejudicially affect the exercise of his franchise, though they should be demanded by the public interests. The law secures to him no such right. His franchise was accepted and is exercised, so far as the public is concerned, for its benefit; he cannot control the public travel to promote his interests. Such control is vested by law in the cities and counties which have charge of the streets and highways. Plaintiff accepted his franchise on condition that it should be held and exercised

subject to the interests of the public travel as it is controlled by these corporations. In our opinion the District Court rightly sustained the demurrer.

AFFIRMED.