PARK v. THE C. & S. W. R. Co. ET AL.

1. **Nuisance:** PUBLIC AND PRIVATE: RECOVERY FOR. A nuisance may be both public and private in its character, and in so far as it is private it gives a right of action to the individual who suffers special damage therefrom.

2. ———: OBSTRUCTION OF HIGHWAY. Injuries resulting from the obstruction of highways leading to the premises of the party complaining and interfering with access to them are proper grounds of recovery by the injured party, even though many others sustain like injuries from the same cause.

3. ———: RULE APPLIED. Where a railway company laid its track across the public highway leading to the plaintiff's place of business and near . thereto, and constructed it in such a manner as to cause a diversion of travel and consequent diminution in plaintiff's business, it was *held* that he could recover therefor.

4. ———: ———: MEASURE OF DAMAGES. To determine the damages for such an obstruction its effect upon the use and enjoyment of plaintiff's property, and upon the extent of his business, may properly be considered.

*Appeal from Wapello Circuit Court.*

SATURDAY, JUNE 17.

ACTION at law. The petition alleges that the plaintiff is the owner of a certain lot in the town of Eldon upon which he erected valuable buildings for a dwelling and business purposes, which, since their construction, have been occupied by him as a homestead and a store house for the sale of general merchandise and the transaction of other business. Since the erection and occupancy of the buildings, the defendants constructed the railroad owned and operated by them across the only highway or street adjacent to plaintiff's property, making an embankment thereon so as to prevent travel over the railroad, and have failed to make any crossing to enable persons using the street to cross the railroad with teams or vehicles of any kind, whereby the travel has been diverted from the street, and plaintiff's business thereby diminished, causing him to suffer great injury and loss. The place at which the railroad

crosses the highway is not adjacent to plaintiff's property but near thereto.

The answer of defendants put in issue all material allegations of the petition and plaintiff's right to recover thereon. There was a verdict and judgment for plaintiff. Defendants appeal. The other facts of the case are found in the opinion.

*Stiles & Burton* and *H. H. Trimble*, for appellant.

*Lea & Beaman*, for appellee.

BECK, J.—The objection, based upon alleged errors appearing in the record, will not be considered in the order we find them discussed in the arguments of counsel. In our opinion they naturally present themselves to the mind in a different order, in which they may be more conveniently and satisfactorily discussed.

I. The plaintiff introduced evidence tending to support the allegations of the petition, and thereupon the court instructed the jury in the following language: "If the defendants were guilty of maintaining a nuisance by obstructing the public highway as claimed, and the jury further find that the effect thereof was to prevent the free ingress and egress to plaintiff's place of business, and that this caused to the plaintiff a loss of trade and custom in his business as a merchant, then the defendants would be liable therefor." The same doctrine is recognized in other instructions given, while a different rule is presented in those asked by defendants and refused.

1. NUISANCE: public and private: recovery for.

The defendants' counsel maintain that the instructions given are erroneous, because the doctrine presented therein is in conflict with the law.

The position of counsel is based upon the familiar rule that a nuisance which affects only the public is not the ground of an action in favor of an individual to recover for damage sustained thereby. The rule cannot be questioned. As long as a nuisance affects a person only as a member of society and he is not injured thereby differently from the public at large, he has no remedy for the injury he sustains.

In determining the question involving the right of an individual to maintain an action for a nuisance, this inquiry must be made: is he affected and injured differently from the people generally? That is, are his individual rights invaded where like rights held by the public are not affected? If it be found that he sustains special injury which is not shared by the public generally, he may have his action. While therefore a nuisance may, as to some matter, affect the public, for which a private action will not lie, if, as to. other things, it works injury to an individual which is not shared by the public, he may have a remedy. In this view the nuisance partakes of a double character, it is both public and private; so. far as it affects the public, it is not the ground of an action; so far as it causes private, individual injury, the law will afford a remedy therefor. When contemplated in the first case it is public, in the last it is private.

This conclusion is in harmony with the reason upon which the rule, denying to an individual a remedy for a public nuisance, has its foundation. It is this. If an individual may maintain an action for an injury which affects the public, then all may sue. Here would be a multiplicity of actions, which, being against public policy, the law will not permit. Coke's Institutes, 56a.

That a nuisance may be both public and private, in its first character being no ground for a private action and in its second affording a cause for the recovery of damages by an individual injured, is recognized by many authorities. See Wood's Law of Nuisances, § 647, and cases cited.

II. The citizen who sustains injuries distinct from those suffered by the public at large may have a remedy against one maintaining a nuisance. Such injuries are called sometimes special and peculiar, and are described as the invasion of individual rights, that is, of rights held by the individual distinct from those which he holds as a member of society.

III. While this rule is well settled its application is often attended with great difficulty. Apparent, rather than real conflict is found in the cases involving this doctrine. This results not from any uncertainty in the rule, but different

views as to the facts calling for its application. It will be readily seen that nice distinctions may sometimes arise between the rights which are called individual and those which are held in common with the public. There is not always uniformity in the application of the rule on account of the diverse views taken of the rights invaded.

IV. Among the various injuries resulting from nuisances for which the law permits actions for damages in favor of the individuals affected thereby, those resulting from the obstruction of highways leading to the premises of the plaintiffs, and interfering with access thereto and causing other special damages, are held to be grounds of recovery in an action by the party injured. See authorities cited in Sedgwick on Measure of Damages, p. 35, and Wood's Law of Nuisances, § 653; *Ewell v. Greenwood*, 26 Iowa, 377.

2. ——: ——:
obstruction of
highway.

In such cases actions may be maintained though many persons, other than the plaintiffs, sustain, from the same nuisances, like injuries. See Wood's Law of Nuisances, § 662, and authorities cited.

That the obstruction of a highway, whereby the property of an individual is rendered less valuable as a place of business, affords a ground of action for damage is clearly within the principles above stated, we cannot doubt. The right to the enjoyment of property is an individual right, which in no manner pertains to the public; it is held distinct and separate from the rights possessed on account of the individual being a member of society. He travels the highway in the exercise of the rights he possesses in common with the public. If deprived of that right he could not maintain an action. Therefore he could base no claim for damages on the ground of being deprived of the use of the highway by an obstruction. But if the highway gives value to his property by affording access thereto by himself and others, he is deprived of an individual right to the enjoyment of the property in its most useful condition by a nuisance which obstructs travel upon it. This illustration serves to point out the distinctions between such injuries resulting from a nuisance for which an action will lie, and those that are not actionable.

We conclude that the court below recognized correct rules of law in the instructions given to the jury.

V. Upon the question of plaintiff's damages the court directed the jury that they should inquire into and determine 4. ——: ——: the effect the obstruction of the highway had upon measure of damages. the use and enjoyment of plaintiff's property during the continuance of the nuisance, together with the character and extent of his business and its depreciation by the obstruction, from which they should find the damages he sustained.

This instruction authorized the jury to estimate the rental value of the property as it was affected by the obstruction in order to determine the damages. This, it is urged, is erroneous because no such damages are claimed in the petition. The objection is not well founded. The claim for damage is general and the petition alleges that the obstruction of the highway was an injury to plaintiff in that it interfered with the use of the property. The extent of plaintiff's damage from the injury to the use of the property could be determined by showing the effect of the obstruction upon its rental value. The property was used for business purposes. The extent of the depreciation of his business on account of the obstruction was properly held by the court as a matter to be considered by the jury in estimating plaintiff's damage, as it affected the rental value. *Frances v. Schaellkoppf*, 53 N. Y., 152; *Stetson v. Faxon*, 19 Pick., 147.

VI. The doctrines above announced are not in conflict with those recognized in *Prosser v. City of Ottumwa*, 42 Iowa, 509. In that case the plaintiff's property which was injured was not located on or near the street obstructed. While the obstruction diverted the travel from the street, the highway leading to plaintiff's property was not obstructed. The ground of his claim was that the travel upon the obstructed street was diverted from the highway leading to his ferry. We held that while the city would not be liable to plaintiff for vacating the street, it could not be held liable for diverting the travel by permitting obstructions thereon. The plaintiff's

property being without the city he suffered no injury for which the city was liable.

. VII.   It is insisted that the verdict is excessive.   We cannot concur in this view and are of the opinion that the evidence justified the jury in their finding of the amount of plaintiff's damage.   The judgment of the Circuit Court is

AFFIRMED.