[No. 1312.]

## W. A. FOGG et al., Appellants, *v.* NEVADA–CALIFORNIA– OREGON RAILWAY et al., Respondents.

Action to restrain a Nuisance — Pleadings — Special Injury. — To enable the plaintiffs, who are the separate owners of three certain town lots in Reno, to maintain this action, it must be clearly shown that they have sustained, or will sustain, a special and peculiar injury, irreparable in its nature and different in kind from that sustained by the general public.

Idem—Statute Construed.—*Held,* that the statute of this state (Gen. Stat. 3273,) simply affirms the rule above stated.

Idem—Invasion of Common Right.—The controlling principle, which gives the right of action to private individuals to abate a public nuisance, is the invasion, impairment or destruction of a common right which they possess, independent, separate and distinct from the rights enjoyed by the general public.

Idem — When a Public Nuisance is Also a Private Nuisance. — If the facts alleged and proven constitute an injury to the health, or is indecent or offensive to the senses, or creates an obstruction to the right of enjoyment and use of the property of individuals which is common to them, then the nuisance becomes to them a private nuisance, constituting a special and peculiar injury, distinct from that of the public, for which they can maintain an action.

Idem—Insufficiency of the Complaint.—The averments of the complaint reviewed. *Held,* that the complaint does not state facts sufficient to enable plaintiffs to maintain this action. (See opinion for facts.)

IDEM—MISJOINDER OF PARTIES.—The plaintiffs being the owners of separate and distinct town lots, having no common interest, *Held:* That the complaint was also demurrable for misjoinder of parties.

APPEAL from the District Court of the State of Nevada, Washoe County.

R. R. BIGELOW, District Judge.

The facts are stated in the opinion.

*Leonard & Lindsay*, for Appellants.

I. There is no misjoinder of parties plaintiff. (Gen. Stat. 3034.) The subject of this action is the nuisance complained of. (*Lapham* v. *Osborne, ante.*) The plaintiffs have a common interest in the subject of the action, and in obtaining the relief demanded. (*Atchison S. R. Co.* v. *Nave*, 38 Kan. 744; 5 Am. St. Rep. 800; *Palmer* v. *Waddell*, 22 Kan. 352; *Jeffers* v. *Forbes*, 28 Kan. 19; *Reid* v. *Gifford*, Hop. Ch. 47; *Schultz* v. *Winters*, 7 Nev. 133; *Murray* v. *Hay*, 1 Barb. Ch. 60; 43 Am. Dec. 773; *Bushnell* v. *Robeson*, 62 Ia. 540; *Cadigan* v. *Brown*, 120 Mass. 493; *Tate* v. *Ohio etc. R. R. Co.*, 10 Ind. 174; 71 Am. Dec. 310; 1 High Inj. Sec. 757; Wood Nuis. 939, 915; *Penn. Lead Co.'s App.*, 96 Penn. St. 116; 42 Am. Rep. 534; *Robinson* v. *Baugh*, 31 Mich. 290; *The Lockwood Co.* v. *Lawrence*, 77 Me. 297; 52 Am. Rep. 763; *Wilson* v. *Castro*, 31 Cal. 428; *Blaisdell* v. *Stephens*, 14 Nev. 17; 33 Am. Rep. 523; *People* v. *Gold Run D. & M. Co.*, 66 Cal. 138; 56 Am. Rep. 80.)

II. The complaint states facts sufficient to constitute a cause of action for an abatement of the nuisance and for an injunction.

In this matter the statute controls. The legislature had the power to declare who might bring an action for the abatement and the enjoining of a nuisance, and it has done so. It has said it may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance. But if we admit that plaintiffs cannot maintain this action unless the complaint shows that they have sustained damages special and peculiar to themselves; damage in addition to that suffered by the general public; damage that is not common to all the people; damage different in character from that which is common to all the citizens, still we say our complaint shows such special damage. (Wood on Nuis., Sec.

790; *Denver & S. Ry. Co.* v. *Denver C. R. R. Co.,* 2 Col. 683; *Stetson* v. *Faxon,* 19 Pick. 147; 31 Am. Dec. 132; *Milhau* v. *Sharp,* 27 N. Y. 622; 84 Am. Dec. 314; *Wesson* v. *Washburn Iron Co.,* 13 Allen, 100; 90 Am. Dec. 181; *Blanc* v. *Klumpke,* 29 Cal. 156; *Ford* v. *Santa Cruz R. R. Co.,* 59 Cal. 290; *Shirley* v. *Bishop,* 67 Cal. 544.)

III.    We allege ownership in fee, to the middle of the street, in front of our premises, less an easement in the general public for the ordinary uses of a street.    The law presumes such ownership independent of our allegation.    (*Moody* v. *Palmer,* 50 Cal. 35; *City of Boston* v. *Richardson,* 13 Allen, 152; Ang. High. 395, 415, *et seq.;* *San Francisco* v. *Spring Valley W. W.,* 48 Cal. 494; *Grand Rapids etc. Co.* v. *Heisel,* 38 Mich. 62; 31 Am. Rep. 307; *Davis* v. *Mayor,* 14 N. Y. 506; 67 Am. Dec. 186; *Bissell* v. *New York C. R. R. Co.,* 23 N. Y. 61; *Peck* v. *Smith,* 1 Conn. 103; 6 Am. Dec. 216; *Starr* v. *Camden & A. R. R. Co.,* 24 N. J. L. 597; *Williams* v. *New York C. R. R. Co.,* 16 N. Y. 99; 69 Am. Dec. 651; *Adams* v. *Saratoga & W. R. R. Co.,* 11 Barb. 414; *Kimball* v. *City of Kenosha,* 4 Wis. 326; *Cox* v. *Louisville R. R. Co.,* 48 Ind. 193; Bishop Non-contract Law, Sec. 989; *Higbee* v. *Camden & A. R. R. Co.,* 19 N. J. Eq. 280.)

The laying of a steam railroad track and the operating of a steam railroad is not an ordinary use of the street.    It is an imposition of a burden upon plaintiffs' property, beyond that intended when the land was dedicated to street purposes, and the legislature, even, has no power to authorize such use without compensation being made therefor.    (*Bloomfield* v. *Calkins,* 62 N. Y. 388; Cool. Con. Lim. 680; *Imlay* v. *Union Branch R. R. Co.,* 26 Conn. 249; 68 Am. Dec. 392; *Williams* v. *New York C. R. R. Co.,* 16 N. Y. 97; 69 Am. Dec. 651; *Trustees* v. *Auburn R. R. Co.,* 3 Hill, 567; *Wager* v. *Troy Union R. R. Co.,* 25 N. Y. 526; *Carpenter* v. *Oswego & S. R. R. Co.,* 24 N. Y. 655; *Broome* v. *New York & N. J. T. Co.,* 42 N. J. Eq. 142; *Mahon* v. *New York C. R. R. Co.,* 24 N. Y. 658; *Starr* v. *Camden & A. R. R. Co.,* 24 N. J. L. 597; Ang. High., Sec. 91 d; High Inj., Sec. 635; *Florida S. R. R. Co.* v. *Brown,* 23 Fla. 104.)

IV.    The right which the owner of a lot has to the enjoyment of an adjoining street is part of his property, and it can only be taken from him for *public* use, even on compensation being made, pursuant to the constitution. (Red. Rail. 321; *Fletcher* v. *Auburn & S. R. R. Co.,* 25 Wend. 462; *Brown* v. *Cayuga & S. R. R. Co.,* 12 N. Y. 494; *Haynes* v. *Thomas,* 7 Ind. 38; *Story* v. *New York E. R. R. Co.,* 90 N. Y. 122; 43 Am. Rep. 146; *Uline* v.

*New York C. & H. R. R. Co.*, 101 N. Y. 106; 54 Am. Rep. 661;
*New England Iron Co.* v. *Gilbert R. R. Co.*, 91 N. Y. 153.)

V.   Finally, we say that plaintiffs have a special interest in
the street upon which their lots abut, an interest beyond and
different in kind from that of the general public, by reason of
their proximity to the street, and also by reason of their owner-
ship of the fee, subject only to the easement stated, in front of
their premises, to the middle of the street, and that it follows
from these facts alone, that plaintiffs have suffered special
injury from the acts of defendants in constructing and operating the
railroad in question.   (*Higbee* v. *Camden & A. R. R. Co.*, 19 N. J.
Eq. 277; Ang. High. 364; *The City of Denver* v. *Bayer*, 7 Colo. 114;
*Milhau* v. *Sharp*, 27 N. Y. 626; 84 Am. Dec. 314; *Edwards* v.
*Allouez M. Co.*, 38 Mich. 48; 31 Am. Rep. 301; High Inj., Sec. 589.)

*S. D. King*, for Respondent.

I.   To enable the individual to maintain his action in case of a
public nuisance, he must show an injury and damage peculiar to
himself, and not suffered by him only in common with the public.
(Wood Nuis., Secs. 645, 646, 649, 668, 692, 693; *McCowan* v.
*Whitesides*, 31 Ind. 235; *Hogan* v. *Central Pac. R. R. Co.*, 71 Cal.
83; *San Jose* v. *Brooks*, 74 Cal. 464; *Clark* v. *Chicago & N. W. Co.*,
70 Wis. 593; *O'Brien* v. *Norwich & W. R. R. Co.*, 17 Conn. 372;
*Seeley* v. *Bishop*, 19 Conn. 128; *Mechling* v. *K. Bridge Co.*, 1 Grant,
416; *Winterbottom* v. *Lord Derby*, Law Rep. 2 Ex. 316; *Carey* v.
*Brooks*, 1 Hill, (S. C.) 365; *McLauchlin* v. *Charlotte etc. R. R. Co.*, 5
Rich. (S. C.) 592; *Harvard College* v. *Stearns*, 15 Gray, 1; *Blood* v.
*Nashua & L. Co.*, 2 Gray, 137; 61 Am. Dec. 444; *Lansing* v.
*Smith*, 4 Wend. 9; 21 Am. Dec. 89; *Dougherty* v. *Bunting*, 1
Sandf. 1; *Brightman* v. *Fairhaven*, 7 Gray, 271; *Willard* v. *Cam-
bridge*, 3 Allen, 574; *Blackwell* v. *Old Colony Co.*, 122 Mass. 1;
*Bigelow* v. *Hartford B. Co.*, 14 Conn. 565; 36 Am. Dec. 502; *John-
son* v. *Stayton*, 5 Harr. 362; *Carpenter* v. *Mann*, 17 Wis. 155;
*Houck* v. *Wachter*, 34 Md. 265; 6 Am. Rep. 332; *Frink* v. *Lawrence*,
20 Conn. 118; 50 Am. Dec. 274; *Indiana B. & W. R. Co.* v. *Eberle*,
110 Ind. 542; 59 Am. Rep. 225; *Newark* v. *Passaic*, 45 N. J. Eq.
393.)

The greater degree of suffering felt by the plaintiffs, over
that falling upon the public, is not such a ground of distinction
between them, as to authorize the private action.   (Wood Nuis.,
Sec. 646; *Hartshorn* v. *South Reading*, 3 Allen, 501; *Brainard* v.
*Conn. R. R. Co.*, 7 Cush. 506.

II.   There  is  a  misjoinder  of  causes  of  action,  as  likewise  of
parties plaintiff.   (*Higbee* v. *Camden & A. R. R.*, 19 N. J. Eq. 577;
*Schultz* v. *Winter*, 7 Nev. 130; Dicey Par, Rule 78, p. 347; Rule
80, p. 401; Gen. Stat. 3086.)

By the Court, HAWLEY, C. J.:

Action  to  restrain  a  nuisance.    Demurrers  to  the  complaint
were  interposed  upon  the  grounds,  (1)  that  the  complaint  does
not  state  facts  sufficient  to  constitute  a  cause  of  action;  (2)  that
there  is  a  misjoinder  of  parties  plaintiffs;  (3)  that  there  is  a  mis-
joinder  of  causes  of  action.    The  demurrers  were  sustained,  and
judgment by, default  entered  in  favor  of  defendants  for  their  costs.
Plaintiffs appeal.

The  complaint  alleges  that  plaintiffs,  Fogg,  Brookins  and
Peterson,  are  the  separate  owners  of  three  certain  town  lots  in
Reno;  that  each  of  said  plaintiffs  has  a  dwelling-house  upon
his  lot,  in  which  he  resides  with  his  family,  consisting,  among
others,  of  children  of  tender  years;  that  said  premises  abut
and  front . on  East  street,  which  runs  at  right  angles  to
Third  and  Fourth  streets—all  public  streets  in  the  town  of
Reno;  that  Brookins'  lot  abuts  and  runs  for  one  hundred
feet  on  the  west  side  of  East  street;  that  Fogg's  and  Peter-
son's  lots  each  abut  and  front  for  fifty  feet  on  the  east
side  of  East  street;  that  East  street  extends  from  Fourth.
street  on  the  north,  to  Third  street  on  the  south,  a
distance  of  four  hundred  feet;  that  East  street,  through-
out  its  entire  length,  is  of  the  uniform  width  of  eighty
feet;  that  since  January,  1886,  the  "defendants,  acting  in  con-
cert,  without  authority  of  law,  have  wrongfully  and  unlaw-
fully  maintained,  and  do  so  now  maintain,  a  steam  railroad  and
railroad  track  of  the  width  of  three  feet  and  four  inches,  in,.
over  and  upon  said  East  street,  from  the  line  of  said  Fourth.
street  towards  Third  street,  a  distance  of  about  two  hundred
feet,  and  over  and  upon  the  aforesaid  premises  of  plaintiffs;"
that  in  May,  1889,  the  defendants  in  the  same  manner  built
and  constructed  over  and  upon  the  premises  of  plaintiffs,  on
East  street,  a  branch  track  of  same  width,  "from  a  point  about
thirty-five  feet  south  of  said  Fourth  street,  southerly,  in  and
upon  said  East  street,  a  distance  of  about  two  hundred  and

thirty-five feet;" that said tracks and railroad are a part of the general system of railroad communication for the carriage of freight and · passengers between Reno and the state of California; that the main track, as constructed on East street, runs in the center of said street from Fourth street on the north, a distance of seventy-five feet, at which point said track bifur. cates, one line running southwesterly, over and along East street, leaving it in a westerly direction at a point one hundred and seventy feet south of Fourth street; the other running in a southeasterly direction, leaving East street on the east side thereof, at a point about two hundred and seventy-five feet south of Fourth street, and north of Third street; that said tracks are laid on wooden lies imbedded in the soil, and are raised a height of from six to eight inches above the general level of the street; that said tracks and railroad so constructed and operated "are an existing, continuing and constantly recurring common nuisance and obstruction in said East street;" that by reason thereof each of said plaintiffs has sustained special damages, and is obstructed "in the free and lawful use of his said premises, and the comfortable enjoyment of his life, and his said property is seriously interfered with;" that defendants, at divers times in the day and night, run their trains, "rendering passage on said East street for vehicles and foot passengers, and especially for children of tender years, extremely dangerous, and thereby rendering the destruction by fire of each of said plaintiffs' said dwelling-houses extremely probable by and from sparks of fire" from the locomotives; that the tracks and rail. road, so constructed, operated, and maintained, render the approach for vehicles to the front of each of plaintiffs' residences "extremely difficult and unsafe, and practically prevent and hinder the approach of vehicles; that defendants almost daily leave freight-cars standing for hours at a time in front of plaintiffs' residences, and unload freight of different kinds on East street, and use said street "to all intents and purposes as a freight depot, to the great annoyance and special damage of the plaintiffs, and each of them," that "said nuisance, trespasses, wrongs, and injuries so inflicted upon plaintiffs, and each of them, greatly decrease the value of said several lands and premises of plaintiffs, and each of them, to their irreparable damage;" that defendants threaten to continue the nuisance,

etc. The prayer is for an abatement of the nuisance, and for an injunction. No damages are asked.

Did the court err in sustaining the demurrers to this complaint? To enable the plaintiffs to maintain this action, it must be clearly shown that they have · sustained, or will sustain, a special and peculiar injury, irreparable in its nature, and different in kind from that sustained by the general public. Appellants, in order to avoid this rule, which is universal, claim that this action is based upon the provisions of section two hundred and fifty-one of the civil practice act, which, it is contended, changes the common-law rule upon this subject, and hence that the authorities from other states, based upon such rule, are not applicable to this case. The statute reads as follows: "Anything which is injurious to health, or indecent and offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance; and by the judgment the nuisance may be enjoined or abated, as well as damages recovered." (Gen. Stat. 3273.) This statute, instead of changing, simply affirms the rule above stated. (*Prosser* v. *City of Ottumwa*, 42 Iowa, 511; *Innis* v. *Cedar Rapids etc. Ry. Co.*, 76 Iowa, 167.) It was copied from the statute of California, and, prior to its adoption by the legislature of this state, the supreme court of that state, in construing the statute, held, in *Blanc* v. *Klumpke*, 29 Cal. 159, that if the nuisance complained of only affects "the plaintiff in common with the public at large, although in a greater degree, he cannot have his private action." This principle under the same statute was subsequently affirmed in *Yolo Co.* v. *City of Sacramento*, 36 Cal. 195, and in *Grigsby* v. *Clear Lake Water Co.*, 40 Cal. 406. The contention of appellants, as to the construction of the statute, is untenable.

Appellants claim that the allegations of the complaint are sufficient to show that they have sustained damages special and peculiar to themselves, and different in character from that which is common to the public. It must be admitted that it is sometimes difficult to determine whether or not the alleged injuries caused by a common nuisance are of a kind that give to individuals a right of action. Among other things, regard

must always be had to the locality where the alleged nuisance exists, as the application of certain facts might be different in large cities from that of smaller towns and villages, or in the country. The people in each locality, are, of course, equally entitled to the full protection of. the law; but the danger of fire, depreciation of property; deprivation of its enjoyment, inconvenience or annoyance in crossing a street or road, would be different in degree and kind in different localities. (*Robinson* v. *Baugh*, 31 Mich. 297; *Sparhawk* v. *Union Pass. Ry. Co.*, 54 Pa. St. 430.) " To enumerate all the special instances would be an endless, as well as utterly useless, task, for the fact that a nuisance has been restrained in one case furnishes no reason why it should be refused or granted in another, as each case must stand upon its own facts, circumstances and equities, and no definite or precise standard can be given." (Wood Nuis., Sec. 809.) As the plaintiffs declined to amend their complaint after having been granted a reasonable time so to do, it must be presumed that the facts are stated in the complaint as strongly as they could be drawn in favor of the plaintiffs. The averment relative to the branch track does not merit any consideration, as it is not specific enough to enable us to determine whether or not any special injury, other than is alleged by the construction of the main track, is occasioned thereby. Its exact location is left uncertain. It is not shown upon which side of the street or of the main track it runs, nor is it stated how far distant from the main track or from the sidewalk it is. The allegation of the complaint, relating to the danger from fire and to the depreciation in value of appellants' property, are wholly insufficient to enable them to maintain this action thereon, for the reason that they are merely conclusions of law. No facts are stated which enable the court to determine whether there is any danger of fire from the locomotives attached to defendants' cars. The mere running of railroad trains, propelled by steam, through the. public streets of a town, is not of itself sufficient to constitute a nuisance on account of the remote probability that a fire might be, at some indefinite time in the future, occasioned by sparks escaping from the locomotives, and igniting the buildings adjacent to the street. · It is not alleged that any sparks of fire have ever escaped; or that any fires have ever occurred from this cause, or that defendants are not using the most improved. appliances and the best means

within their reach to prevent the destruction of property by fire. Courts do not deal with such remote probabilities as are alleged in this averment. Something tangible and real, upon which opinions can be based and judgments formed, must be stated. It is not enough to allege that the party fears such things might happen. He must state the facts upon which his fears are founded. The allegation with reference to the depreciation in value of the lots owned by plaintiffs is subject to the same objection. No facts are stated which justify the conclusion drawn. No tenants have been lost, no sales prevented. The question whether property adjacent to a street, upon which a railroad track is laid, is increased or decreased in value, depends upon the facts and circumstances surrounding each case. Conclusions are also drawn in certain other averments which are not supported by the facts stated. Injunctions ought not to be granted in cases of this character, unless "the threatened use of property or the act sought to be restrained is clearly shown to be such as leaves no doubt of its injurious results; such results as are recognized to be substantial legal injuries. The bill must set forth such a state of facts as leaves no room for doubt upon the question of nuisance, for, if there is any doubt upon that point, the benefit will be given to the defendant. Mere allegations of conclusions or opinions as to the contemplated injuries are not sufficient. The precise manner in which he is to be injured must be stated." (*Garnett* v. *Jacksonville etc. Ry. Co.*, 20 Fla. 902.) In *Lewiston T. Co.* v. *Shasta & W. W. R. Co.*, 41 Cal. 565, the court said, citing from previous cases, " that when the damages are special —that is, such as do not necessarily arise, or are not implied by law, from the act complained of—the facts out of which the damages arise must be averred in the complaint."

The allegations in the complaint relative to the danger and difficulty of vehicles, foot-passengers and children of tender years passing to and from appellants' residences, and on, along and over the street, constitute an annoyance and inconvenience which appellants suffer in common with the general public, and affords no ground for a private action. " The courts very wisely have unswervingly adhered to the rule that an individual, in order to be entitled to a recovery for injuries sustained from a public nuisance, must make out a clear case of special damages to himself, apart from the rest of the public and of a

different character, so that they cannot fairly be said to be a part of the common injury resulting therefrom. It is not enough that he has sustained more damage than another; it must be of a different character, special and apart from that which the public in general sustain, and not such as is common to every person who exercises the right that is injured.'' (Wood Nuis., Sec. 646.)

Appellants refer to several cases where the courts have sustained the right of an individual or individuals to abate a public nuisance, and recover damages, on account of obstructions caused by railroad cars standing in the streets, or so running along a street as to prevent egress and ingress to the property of the individual. The cases are too numerous to be reviewed at any length. We cite enough, however, to illustrate the general principles upon which the distinctions referred to are founded. In the recent case of *Jackson* v. *Kiel*, 13 Colo. 378, 16 Am. St. Rep.     , the complaint alleged facts showing clearly "that the ingress and egress to and from plaintiff's property by vehicles was had solely by means of the intersection of Wyncoop street (in the city of Denver) with Tenth,—the street upon which his lot fronts; in no different way, circuitous or otherwise, could his premises be thus reached;" that the defendant "kept a large number of railway cars on Wyncoop street, across the space of its intersection with Tenth; that during the entire period covered by the complaint the obstruction thus created rendered it absolutely impossible for vehicles of any kind to reach plaintiff's premises." These facts were held sufficient to show that "plaintiff had suffered a special and peculiar private injury." In *Atchison S. Ry. Co.* v. *Nave*, 38 Kan. 752, the respondents were the owners of large buildings used as warehouses fronting on Second stre t, in the city of Atchison, which street was only fifty feet wide. There was a broad-gauge railroad in the center of the street, which of itself did not interfere with or injure the business of respondents. Appellants obtained the right of way to construct a street railway on Second street within fifteen feet of the sidewalks. The respondents, in the ordinary and usual transaction of their business, used transfer wagons twenty to twenty-two feet in length, and seven and one-half feet wide. The laying down of the second track was such an obstruction of the streets as to interfere directly with the use of their buildings and the conducting of their business, and upon these facts the court said "that the

injury resulting from the obstruction of the street is one that is special and peculiar to the plaintiffs below, and independent of and different from the general injury to the public." In *Neitzey* v. *Railroad Co.*, 5 Mackey, 34, the defendant, in addition to its main track on a street sixty feet in width, laid four other separate tracks, "and, not content with passing over its main track, converted the whole street, to the width mentioned, to the purposes of a freight depot or station, by placing cars on those tracks, and allowing them to remain permanently, by loading and unloading its cars, a great deal of the freight of which was of a very noxious and offensive character, such as manure, fertilizers, etc.; that it allowed cattle cars to stand there, and cars that had been used for the transportation of cattle, manure," etc. The court very properly said that the railroad company was not authorized, under the acts of Congress, "to convert the public highways, the streets and avenues of the city, into freight yards. The proper place for cars, when not in use, is the depot, station, or yard of the company, and the proper place to load and unload freight is a freight station;" yet, notwithstanding these facts, if the inconvenience resulting from them only affected the general public, it was held that it should only be treated as a public nuisance. "But when these cars have been used for the conveyance of offensive matter, so as to infect the whole atmosphere with noxious odors, and when the freight loaded and unloaded there consists of similar material, and the process of bringing the cars there and taking them away for the purpose of loading and unloading, causes annoyance by jarring the neighboring houses, and the smoke from the engines penetrates the dwellings, all this then becomes more than a public nuisance—it becomes a private nuisance," actionable by individuals who have suffered this species of injuries.

From these and other authorities cited in the briefs of counsel, and from the discussion of the principles and review of the authorities, in Wood on Nuisances, in chapter 19, relating to private actions for injuries from public nuisances, section 645 *et seq*, and in chapter 25, relating to remedies in equity, section 777 *et seq.*, it will readily be seen that the controlling principle which gives the right of action to private individuals to abate a public nuisance is the invasion, impairment, or destruction of a common right which they possess, independent, separate, and

distinct from the rights enjoyed by the general public. If the alleged wrongful act is only an obstruction to the exercise and enjoyment of a right common to the public as well as to the individuals, then the remedy is by an information filed by the attorney general or district attorney on behalf of the public, or by indictment. But if the facts alleged and proven constitute an injury to the health, or is indecent or offensive to the senses, or create an obstruction to the right of enjoyment and use of the property of individuals which is common to them, then the nuisance becomes as to them a private nuisance, constituting a special and peculiar injury, distinct from that of the public, for which they can maintain an action, although such wrongs and injuries might also so far affect the public as to be actionable by information or by indictment.

The averments under consideration do not state facts sufficient to enable appellants to maintain this action. East street is eighty feet wide. The main track is in the center thereof, leaving ample room for foot-passengers and vehicles to pass each other on both sides of the track. The obstructions complained of do not prevent ingress or egress to the premises of appellants; do not invade any right or destroy the use of their property, or impair its value to any appreciable degree. They constitute an annoyance and inconvenience at times, to appellants and their families; to pedestrians and drivers of vehicles having occasion to travel on or across the streets at the places mentioned in the complaint. Appellants have the undoubted right to pass over the street, but the injury to them in being occasionally prevented from so doing is an injury and danger also suffered by the rest of the public. "It makes no difference, as to the remedy, that they would probably have more occasion to use this part of the road than most others would. The injury still consists in their being deprived of the enjoyment of a common public right, which is not their private property. (*Higbee* v. *Camden etc. R. R. Co*, 19 N. J. Eq. 279; *Hogan* v. *Central Pacific R. R. Co.*, 71 Cal. 86; Wood Nuis., Sec. 646.) Mere inconvenience, such as is alleged in the complaint, is not sufficient to authorize the plaintiffs to maintain this suit. There must be an injury of such a character as to affect the ordinary use and enjoyment of the property of plaintiffs. It must be real and substantial. There must be an interference to a convenience that exists as a legal right in the plaintiffs distinct from the

rights of the public. (Wood Nuis., Secs. 790, 800, 801; *Spar-hawk* v. *Union Pac. Railway Co.*, 54 Pa. St. 427, 430.)

The mere fact that the alleged inconvenience and annoyance is greater in degree to the plaintiffs than it is to other citizens does not authorize a private action to be maintained. " All the authorities agree that, to support the action, the damage must be different, not merely in degree. but different in kind, from t. at suffered in common; hence it has been well settled that, though the plaintiff may suffer more inconvenience than others from the obstruction, by reason of his proximity to the highway, that will not entitle him to maintain an action." (Wood Nuis., Sec. 646; *San Jose Ranch Co.* v. *Brooks*, 74 Cal. 465; *McGowan* v. *Whitesides*, 31 Ind. 237; *Hartshorn* v. *Inhabitants of South Reading*, 3 Allen, 504; *Clark* v. *Chicago etc. Ry. Co.*, 70 Wis. 597; 5 Am. St. Rep. 187; *Wesson* v. *Iron Co.*, 13 Allen, 101; *Proprietors etc.* v. *Newcomb*, 7 Metc. 283; 39 Am. Dec. 778; *Brainard* v. *Connecticut Riv. R. R. Co.*, 7 Cush. 510; *Stetson* v. *Faxon*, 19 Pick. 160; 31 Am. Dec. 123; *Shaubut* v. *St. Paul etc. R. R. Co.*, 21 Minn. 504; *Houck* v. *Wachter*, 34 Md. 272; 6 Am. Rep. 332; *Marini* v. *Graham*, 67 Cal. 132, 133.)

There is but one other averment in the complaint which requires any further discussion. It is the one principally relied upon by appellants as clearly showing a special and peculiar injury to them, to wit: the averment that they respectively own the land in fee of said East street "to the middle thereof, in front of his said premises; said ownership in said street in said plaintiff being subject only to an easement in the general public for use for the ordinary purposes of a public street in said town of Reno." Numerous authorities are cited to show that the law presumes such ownership independent of any such averments in the complaint. Appellants, therefore, claim that they have such an interest in the street as to enable them to enjoin defendants from maintaining a railroad track and running cars thereon without their consent, " without employing legal methods and making compensation therefor." Admitting, for the purposes of this decision, (without considering the question,) that they own the land, as claimed, to the middle of the street, it is apparent that such an interest would only give them an individual right of action, and that, in relation to this averment, the other grounds of the demurrers are well taken. The rule is well settled that where the injury is common to several different property owners, they may all unite in one action for

an injunction to restrain a private nuisance; but the injury here complained of is not of such a character.

We have referred to several cases like *Reid* v. *Gifford*, 1 Hopk. Ch. 419, where several proprietors of distinct lands and mills, and of separate parts of a natural water-course, were permitted to join in one suit for a common injury to their property. The correctness of that principle is not questioned. We have already stated that the rule governing such cases is well settled. In *Shultz* v. *Winter*, 7 Nev. 133, this court had occasion to distinguish the facts in that case from those mentioned in *Reid* v. *Gifford*, and in deciding that the demurrer to the complaint was well taken, said: "The complaint not only fails to show any community of interest between the plaintiffs, but clearly negatives any common interest. * * * They ask, not that the waters of the creek may flow over their lands in their natural channel, but that each, * * * may divert, use, and dissipate certain specified portions thereof."

The injury to the lands of plaintiffs, which we are now considering, is not a common injury to them. There is no community of interest between the plaintiffs in regard thereto. The injury to the fee of Fogg, as the owner of a town lot, is an individual injury to him. Neither Brookins nor Peterson have any interest in the land owned by Fogg, and hence cannot recover for any injury which simply relates thereto. So of each of the parties. In the cases where injunctions were issued upon the ground of plaintiff's interest in the land to the middle of the street, the actions were brought by the individual owner or owners of the land. In *Hinchman* v. *Patterson H. R. R. Co.*, 17 N. J. Eq. 82, the complainants were, as here, respectively, the owners of lots abutting on the street, and claimed title to the middle of the street, and sought to enjoin the construction of defendant's railroad, upon the ground, among others, that it was taking the property of complainants for public use, 'without just compensation.'" The court, after stating the presumption of law to be "that the owners of the land on each side of the street own to the middle of the street, and have the exclusive right to the soil, subject to the right of way," said: "The bill is objectionable on the ground of a misjoinder of parties. The complainants are owners of several and distinct lots, having no common interest, but seeking to enforce several and distinct claims They seek to enforce no common right, as in case of right of common, nor to obtain relief against

Opinion of the Court—Belknap, J.

a common wrong.  *  *  *  The bill seems to have been framed under the impression that the nuisance was a grievance common to all the land-owners, and therefore that all might properly be joined.  But each complainant seeks relief for special injury to his own property by the construction of the railroad.  On this ground the bill is clearly demurrable.  See, also, *Tate* v. *Ohio etc. R. R. Co.*, 10 Ind. 174; 71 Am. Dec. 309; Dicey Parties, Rule 78, p. 347; Id., Rule 80, p. 401; *Morris etc. R. R. Co.* v. *Prudden*, 20 N. J. Eq. 539: *Demarest* v. *Hardham*, 34 N. J. Eq. 472.)

The judgment of the district court is affirmed.