### MIDDLETON *et al. vs.* BALLINGALL *et al.*

Where the defendants stipulated to sell to the plaintiffs certain merchandise, "shipped" from Batavia, in the island of Java, for the port of San Francisco, and the parties agreed that the contract should be considered as binding until the arrival of the ship; *Held,* that the fulfilment of it on either side depended on the contingency of the ship's arrival, and that an action could not be maintained by the vendee of the goods, it appearing that the ship had never arrived at her port of destination.

The fair construction of such a contract is that, *on the arrival of the ship* containing the goods, the defendants should deliver them, and the plaintiffs should pay the contract price; and the arrival of the goods in such case, is a condition precedent, which must be shown to have taken place before either party can bring suit.

APPEAL from the superior court of the city of San Francisco. The facts are stated in the opinion of the court. The judgment of the court below was rendered in favor of the defendants.

*Alexander Campbell,* for the plaintiffs.

——————————, for the defendants.

*By the Court,* BENNETT, J. I shall not consider whether the power of attorney from the defendants to Bell, authorized the contract upon which this suit is founded, inasmuch as I think the action cannot be sustained on the contract itself. The defendants stipulate to sell to the plaintiffs certain merchandise shipped from Batavia, in the island of Java, for the port of San Francisco, and both parties agree that the contract shall be considered as binding *until the arrival of the ship.* The ship has never arrived.

The sale was not an absolute and unconditional sale of the property. Even had the goods been shipped, the title to them

did not pass to the plaintiffs. The contract was executory, and the fulfilment of it on either side depended on the contingency of the ship's arrival. The action is brought to recover damages for the non-delivery of the goods, and not for a breach of a warranty, nor for fraudulent representations, nor for bad faith in preventing the arrival of the goods. Besides, I do not think that the word " shipped" in the contract can, in the connection in which it is found, be construed as amounting to a warranty that the goods had been shipped. It is rather used to describe and ascertain the property, which was the subject matter of the contract. I think that the fair construction to be put upon the contract is, that on the arrival of the ship containing the goods, the defendants should deliver them, and the plaintiffs should pay the contract price. And the authorities hold that the arrival of the goods, in such case, is a condition precedent, which must be shown to have taken place before either party can bring suit. (*Russell* v. *Nicoll*, 3 *Wend.* 112 ; *Boyd* v. *Skiffin*, 2 *Camp.* 326 ; *Chitty on Con.* 444, 445 ; *Story on Sales*, sec. 249.)

The judgment, therefore, should be affirmed.

Ordered accordingly.