## ALEXANDER BLANC *v.* JOHN G. KLUMPKE.

DEMURRER FOR AMBIGUITY.—A demurrer to a complaint for ambiguity and uncertainty, should point out specially in what the ambiguity or uncertainty consists, or it will be disregarded.

NUISANCE IN A HIGHWAY BY WATER.—An action to abate a nuisance erected in a highway by water, obstructing the free use of plaintiff's property,.will lie the same as to abate a nuisance in a highway by land.

NUISANCE IN HIGHWAY INJURIOUS TO PRIVATE PROPERTY.—If a nuisance in a highway only affect the plaintiff, in common with the public at large, in the use of the highway, he cannot have his private action; but if the free use of his private property is interfered with by such nuisance, he may have his private action to abate the same.

NUISANCE A QUESTION OF FACT.—If the complaint aver that certain obstructions placed in a highway are an obstruction to the free use and enjoyment of the plaintiff's private property, the question whether such obstructions amount to a nuisance or not, is one of fact for the jury.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint averred that the plaintiff was the owner of a lot situated on the water front of the City and County of San Francisco, and that the water on the easterly side of and adjoining the lot was a highway and navigable for boats and vessels, and that portion of the bay was the property of the State, and that boats and vessels had been in the habit of frequenting there for trade and commerce, and that plaintiff had erected valuable improvements on his lot, and derived great pecuniary advantage from.the said commerce, and that defendant had·driven piles and constructed tenements in the bay on the easterly side of plaintiff's lot by which boats and vessels were prevented from approaching his lot.    The prayer asked for damages, an injunction, and that the piles and tenements be abated as a nuisance.    The defendant demurred to the complaint, the demurrer was sustained, plaintiff declined to amend, and judgment was rendered for defendant.    Plaintiff appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Joseph H. Moore*, for Appellant, argued that the complaint stated facts sufficient to constitute a private nuisance, and

cited *Stiles* v. *Laird*, 5 Cal. 122 ; Black. Com. p. 216, title nuisance ; 2 Greenleaf on Evidence, Secs. 465–468 ; 3 Starkie on Ev., 4 American Ed., marginal page 993 ; Story's Eq. Jur. Sec. 926 ; *Lansing* v. *Smith*, 8 Cowen ; *Howard* v. *Lee*, 3 Sandf. 281 ; *First Baptist Church* v. *Schnectedy & Ny. R. R. Co.*, 5 Barb. 79 ; *Clark* v. *Mayor of Syracuse*, 13 Barb. 32 ; *Davis* v. *Mayor and Council of New York*, 4 Kernan, 526 ; *Mills* v. *Hall et als.*, 9 Wend. 315 ; *Dygert* v. *Schenck*, 24 Wend. 446 ; *Myers* v. *Malcolm*, 6 Hill, 92 ; *Harrison* v. *Sterrett*, 4 Harris and McHenry ; and *Miehau* v. *Sharp*, 28 Barb. 428.

*S. M. Wilson*, for Respondent, argued that the acts complained of did not constitute a nuisance for which a private action would lie, and that all obstructions to navigation without direct authority from the Legislature were public nuisances, and cited Angell on Tide Waters, 111, *et seq.*, citing cases (2 Ed) ; Angell on Watercourses, 616, *et seq.*, (5 Ed.) ; Id. 623, *et seq.* ; 2 Hawk. C. 25 ; *Commonwealth* v. *Gowen*, 7 Mass. 378 ; *Rex* v. *Harris*, 4 T. R. 202 ; 2 Russell on Cr. 340 ; *Rex* v. *Russell*, 6 East. 427 ; *Turnpike Road* v. *The People*, 15 Wend. 267 ; see Buller's N. P. 26 ; Carth. 194, 451 ; 3 Bl. Com. 216–219 ; 4 Id. 167 ; *Iverson* v. *Morse*, 1 Salk. 15 ; 1 Co. Litt. 56–166 ; Cro. El. 9–664 ; Lord Raymond, 493 ; 2 Saund. 115 ; *Cope* v. *Marshall*, 2 Wilson, 51.

By the Court, SANDERSON, C. J.

We are not prepared to say that the complaint in this case does not state a cause of action in favor of the plaintiff. Had ambiguity and uncertainty been the ground of demurrer we should have been inclined to sustain the Court below ; but that ground is not relied on, nor could it be, for the reason that the ambiguity, if such exists, is not specially pointed out in the demurrer.

Although the complaint in that respect is somewhat ambiguous, we regard the plaintiff as alleging an obstruction by the

defendant of the highway by water, as the same existed prior to the passage of the Act of the 24th of April, 1863, and also of the highway by land established by that Act, to his private prejudice. The theory of the complaint, as we understand it, is that the defendant has no legal right to obstruct the navigation of the bay in front of the plaintiff's water line so long as the Harbor Commissioners do not proceed to convert the space in question into a highway by land as authorized by the aforesaid Act, and that when the Harbor Commissioners have so converted the same, he then has no right to obstruct the highway by land so created and established. As already intimated, the complaint is a little obscure in this respect; but so far as the rights of the parties to this action are concerned, it can make but little difference whether we regard the space alleged to be obstructed by the defendant as a highway by water or a highway by land; since in either case, the rights of the plaintiff in the premises are the same, and are founded upon the same legal principles; and the acts of the defendant are equally obstructive to both.

The suggestion of counsel for the defendant that for aught that appears in the complaint the defendant may be engaged in converting the highway by water into a highway by land under the direction and supervision of the Harbor Commissioners is without substantial foundation. The language of the complaint is that the defendant has appropriated the public thoroughfare in question to his private and exclusive use, and has built and constructed and is proceeding to build and construct tenements and other improvements thereon, and that he claims the same as his private property and asserts his right and intention perpetually hereafter to hold and possess, and at his pleasure to occupy and build upon the same, which is entirely inconsistent with the idea suggested. That the alleged obstructions are of a character appropriate to such a change in the thoroughfare or that they are being placed there by or under the direction of the Harbor Commissioners, is therefore, in our judgment, not only negatived by the whole tenor of the complaint but by its express terms.

That the alleged acts of the defendant amount to an obstruction to the navigation of the bay at the point in question and likewise to the use of the space as a highway by land, does not, we think, admit of debate. If so, the alleged obstructions must be at least a public nuisance and indictable as such. This does not seem to be seriously controverted by counsel for the defendant, but it is insisted that, admitting the obstructions in question to be a public nuisance, the complaint does not demonstrate that they also constitute as to the plaintiff a private nuisance within the statute (Practice Act, Section 249) for which he may have his private action. Undoubtedly if the obstructions only affect the plaintiff in common with the public at large, although in a greater degree, he cannot have his private action, but if he is thereby obstructed in the free use of his property, and its comfortable enjoyment by him is thereby interfered with and to some extent prevented, can it be said he suffers only in common with the public at large? Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is declared to be a nuisance, and the subject of an action; and it is further provided that such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance; and by the judgment of the Court the nuisance may be enjoined or abated and damages awarded. (Sec. 249, *supra.*) Whether certain alleged obstructions amount to a nuisance or not, is not a question for the Court but for the jury to decide. (*Gunter* v. *Geary*, 1 Cal. 446.)

Now it is alleged by the plaintiff in express terms, that by reason of the alleged obstructions he is deprived of· the free and unobstructed use and enjoyment of his property, and that access and egress to and from the same is obstructed and cut off on the easterly side thereof towards the Bay of San Francisco, and that the rental value thereof is greatly diminished thereby. Whether this be so or not is the thing to be tried,

and we think the facts are sufficiently alleged to entitle the plaintiff to the opinion of a jury thereon.

As to whether some of the damages alleged may or may not be too remote we express no opinion.

Judgment reversed and cause remanded for further proceedings.

Mr. Justice RHODES expressed no opinion.