# THE COUNTY OF YOLO v. THE CITY OF SACRA-MENTO.

PUBLIC AND PRIVATE NUISANCE.—A public nuisance may also be a private nuisance, and if so, the person thereby injured may have his action.

IDEM.—The diversion of the waters of a navigable stream may be both a public and a private nuisance.

IDEM.—In so far as a wingdam in a navigable river obstructs the navigation, it is a public nuisance; but if it obstructs the reclamation of swamp lands, it is a private nuisance.

JURISDICTION.—District Courts have jurisdiction in actions to prevent or abate a nuisance.

DEMURRER TO COMPLAINT.—A demurrer to a complaint on the ground that it is ambiguous, unintelligible, and uncertain, must specifically state in what the ambiguity or uncertainty consists, or it will be disregarded.

RELIEF IN ACTION FOR NUISANCE.—The abatement of a nuisance, and the recovery of damages therefor, are not distinct causes of action, which cannot be united in the same complaint, but merely different kinds of relief to which the plaintiff may be entitled where a nuisance is the cause of action.

IDEM.—A party cannot have an action to abate a public nuisance. The remedy is by indictment, or if this is too tardy, equity may interpose, upon the information of the Attorney General.

ACTION AGAINST SACRAMENTO.—An action cannot be maintained against the City of Sacramento until after satisfaction has been demanded of its Board of Trustees.

APPEAL from the District Court, Sixth Judicial District, Yolo County.

The plaintiff appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Geo. Cadwalader,* for Appellant.

*N. Greene Curtis,* and *L. Ramage,* for Respondent.

By the Court, SANDERSON, J.:

The case comes here upon demurrer to the complaint, which was sustained in the Court below, with leave to amend. The plaintiff elected not to amend, and accordingly final judgment passed for the defendant.

The plaintiff sues to abate an alleged nuisance, and to

25

recover damages sustained by reason thereof.     The com-
plaint shows that on the first of February, 1866, the plaintiff
became possessed of a large tract of swamp and overflowed
land, known as Swamp Land District Number Eighteen, bor-
dering on the west bank of the Sacramento River, which it
holds in trust for the purpose of reclamation, under a grant
from the State; that, for the purpose of reclaiming said land
and preventing its overflow by the Sacramento. River, the
plaintiff, prior to the acts complained of, had built levees along
the bank of the river within the limits of said swamp land
district; that the Sacramento River is navigable and a public
highway within the limits of said swamp land district; that
the defendant, well knowing the premises, in March, 1866,
by its agents, acting under the direction of its corporate
authorities, entered upon said swamp land district and
erected a wingdam on the bed of said river, extending from
the west bank thereof; that, by reason of the wingdam, the
waters of the river have been diverted from their usual
course, and the current thereof so changed as to cause the
washing away and destruction of a great portion of the plain-
tiff's levees, to its damage in the sum of five thousand dollars;
that, by reason of the diversion of the water from its natural
channel or flow, the navigation of the river on the west side
thereof is wholly obstructed.     The prayer is, that the
defendant be required to abate the dam, and that the plain-
tiff have judgment for damages in the sum of five thousand
dollars.

The grounds of demurrer are: *First,* that the facts do not
constitute a cause of action; *Second,* that the District Courts
have no jurisdiction in cases of nuisance; *Third,* that nuisance
and damages cannot be united in the same action; *Fourth,*
that separate causes of action are not separately stated;
*Fifth,* that the complaint is ambiguous, unintelligible, and
uncertain.

Of the particular grounds upon which the Court below
based its judgment we are not advised, either by the record
or by counsel.     Counsel for the respondent sustain the judg-

ment upon the ground that the Sacramento River is alleged to be a navigable stream, that the dam is shown to be within it, and it is, therefore, if a nuisance at all, a public nuisance, and that, therefore, the only remedy is by indictment. It is also suggested on the part of the respondent that the dam has been erected by it under the provisions of a statute in relation to the improvement of the river in front of the City of Sacramento in the interest of navigation, (Stats. 1865–6, p. 201,) from which, as we infer, although it is not so stated, it is intended to suggest that the dam cannot be considered even a public nuisance. If so, it is sufficient to say in reply that it does not appear upon the face of the complaint that the defendant erected the dam under the provisions of that Act, or in the interest of navigation, and that, for all the purposes of the present hearing, we cannot look beyond the face of the complaint.

The point that the remedy is by indictment only is also untenable, for a public nuisance may also be a private nuisance, and if so, the person injured thereby may have his action. If the nuisance only affect the plaintiff in common with the public at large, it cannot have its action; but if, in addition, it obstructs it in the free use and enjoyment of its private property, it is so far a private nuisance also, and it may have its private action. (*Blanc* v. *Klumpke*, 29 Cal. 156.) For example: If the dam in question obstructs the navigation of the Sacramento River, it may be so far a public nuisance; but if it also obstructs the reclamation of Swamp Land District Number Eighteen, it may be so far a private nuisance; or in other words, the diversion of the waters of a navigable stream may be both a public and a private nuisance.

The question of jurisdiction is answered by the case of *Courtwright* v. *The B. R. and A. W. and M. Co.*, 30 Cal. 573. We there held that the District Courts have jurisdiction in actions to prevent or abate nuisances.

The ground that the complaint is ambiguous, unintelligible, and uncertain must be disregarded, for the reason that the

ambiguity or uncertainty, if such exists, is not specially pointed out in the demurrer. (*Blanc* v. *Klumpke, supra.*)

The ground that the complaint contains two distinct causes of action, if so, which cannot be united, is answered by the two hundred and forty-ninth section of the code, which expressly provides that a nuisance may be enjoined or abated, and damages therefor recovered in the same action. But we do not consider that the abatement of a nuisance and the recovery of damages therefor are distinct causes of action in the sense of the rule invoked by the demurrer. The nuisance is the cause of action—the abatement and damages therefor are merely the different kinds of relief to which the plaintiff may be entitled. This view is also an answer to the ground of demurrer, that the two causes of action—so called—are not separately stated.

The only question remaining is, whether the complaint states facts sufficient to constitute a cause of action.

The complaint seems to proceed upon the theory that the wingdam is both a nuisance to navigation and to Swamp Land District Number Eighteen. It alleges that the navigation on the west side of the river is wholly obstructed by the dam. If the dam is an obstruction to the navigation, it is so far a public nuisance, for which the plaintiff cannot have a private action. In such cases the remedy is by indictment against the parties by whom the dam was built, under the one hundred and twenty-fourth section of the statute in relation to crimes and punishments, and, upon a conviction, the dam may be abated by order of the Court in which the conviction is had. Or, perhaps, if this remedy is inadequate—that is to say, if there is imminent danger of irreparable mischief before the tardiness of the law can afford relief, equity may interpose and abate the nuisance upon the information of the Attorney General. (*Attorney General* v. *Utica Insurance Company*, 2 Johns. Ch. 381; *Attorney General* v. *The New Jersey R. & T. Company*, 2 Green Ch., N. J., 136.)

On the score of private nuisance, the facts stated are very meagre. It is alleged that the dam has injured the levee to

the amount of five thousand dollars, but it is not alleged that the free use of Swamp Land District Number Eighteen is, has been, or will be obstructed by it, or generally that it is a nuisance to Swamp Land District Number Eighteen. Nor is it averred that the abatement of the dam, or the payment of damages, was demanded before suit, and refused in whole or in part by the Trustees of defendant. The first section of the charter of the City of Sacramento provides that no action shall be maintained against the city until after satisfaction has been demanded of its Board of Trustees. (Stats. 1863, p. 415.) Upon the main question, which lies at the bottom of this case, but is not developed in the complaint, whether the city is liable for the acts of its officers in building the dam, if built without authority of law, or if by authority of law, built in a negligent and unskillful manner, we express no opinion.

Judgment affirmed, and remittitur directed to issue forthwith.