[No. 9983.   Department Two.—September 28, 1885.]

PAUL   SHIRLEY   ET   AL.,   RESPONDENTS,   *v.*   IRA BISHOP ET AL., APPELLANTS.

NAVIGABLE STREAM—PUBLIC HIGHWAY—WATER FRONT OF BENICIA—RIGHT OF OWNER TO FREE ACCESS.—The navigable waters of the Straits of Carquinez, adjoining the permanent water front of the city of Benicia, as established by the Act of March 21, 1868, are a public highway ; and an owner of land, the boundary of which forms a part of the water front, has a vested right of free access to such highway, of which he cannot be deprived without compensation.

ID.—WHARF—NUISANCE—INJUNCTION.—The erection of a wharf materially obstructing such access will be enjoined as a nuisance.

APPEAL from a judgment of the Superior Court of Solano County.

The wharf of the defendants was being constructed under the authority of a franchise granted by the board of trustees of the city of Benicia. The further facts are stated in the opinion

*J. F. Wendell*, and *J. & J. C. Lynch*, for Appellants.

Plaintiffs had no vested right which could be impaired by the construction of the defendant's wharf. (Angell on Tide Waters, 45, 66, 75, 206; *Morgan* v. *King*, 35 N. Y. 458; *Ex parte Jennings*, 6 Cowen, 518; *More* v. *Massini*, 37 Cal. 435; Wood on Nuisances, 539; 3 Kent Com. § 427; 2 Edm. on Injunctions, 272; *Eldridge* v. *Cowell*, 4 Cal. 80; *People* v. *Davidson*, 30 Cal. 379; *Guy* v. *Hermance*, 5 Cal. 73; *Ward* v. *Mulford*, 32 Cal. 365; *Rondell* v. *Fay*, 32 Cal. 354; *People* v. *Morrill*, 26 Cal. 358; *Teschemacher* v. *Thompson*, 18 Cal. 22; *Middletown* v. *Pritchard*, 3 Scam. 500; 37 Am. Dec. 112; *Garitt* v. *Chambers*, 3 Ohio, 495.) Plaintiffs are not entitled to an injunction. (Gould on Waters, § 123; *Bigley* v. *Nunan*, 53 Cal. 403; *Aram* v. *Shallenberger*, 41 Cal. 449; *George* v. *N. P. T. Co.* 50 Cal. 589; *Jarvis* v. *S. C. R. R. Co.* 52 Cal. 438.)

*Stanly, Stoney & Hayes*, and *L. B. & L. Mizner*, for Respondents.

The navigable waters adjoining the land of the plaintiffs were a public highway to which they had a vested right of free access, and of which they could not be deprived without compensation being first paid. (Const. of Cal. art. i. § 14; *Reardon* v. *San Francisco*, 66 Cal. 492; *Conniff* v. *San Francisco*, 67 Cal. 45; *Schulte* v. *N. P. T. Co.* 50 Cal. 592; *Blanc* v. *Klumpke*, 29 Cal. 156; *Lackland* v. *R. R. Co.* 30 Mo. 180.) An injunction lies to restrain the erection of the wharf. (*Thornton* v. *Grant*, 10 R. I. 477; *Gray* v. *Bartlett*, 20 Pick. 186; *Frink* v. *Lawrence*, 20 Conn. 121; 32 Am. Dec. 208.)

FOOTE, C.—Action to prevent the construction of a wharf and to cause the removal of a portion thereof already constructed. The plaintiffs recovered judgment, there was no motion for a new

trial, and the cause comes to this court on the judgment roll alone.

Upon all material issues made by the pleadings, the findings were sufficient.

Among other facts it appears by the record that the plaintiffs are the owners of a block of land in the city of Benicia, which is bounded on the east by the navigable waters of the Straits of Carquinez; that by an act of the legislature of this State, approved March 21, 1868, "a permanent water front of the city of Benicia was established"; that by said act the easterly line of lots 10 and 14 of said block of land were declared to be a part of said permanent water front; that the defendants were attempting to build a wharf out into the Straits of Carquinez, which if constructed would approach to within about three feet of the easterly line of lots 10 and 14 of plaintiff's block of land, and would run parallel with such line for about sixty feet, would be an obstruction to the free use by plaintiffs of said block of land, and permanently interfere with the comfortable enjoyment thereof. It would be a nuisance to the plaintiffs and their said property, and inflict on them serious and irreparable injury; that the piles already driven by the defendants at the time of the commencement of the action, and of the restraining order issued by the court below, constitute a material interference with the enjoyment by the plaintiffs of their said property, and was, and is, and if not restrained will continue to be, a nuisance to them and said property.

There was no compensation "first made or paid" plaintiffs for the damages to their said property, as should have been done in order to meet the requirements of section 14, article i., of the Constitution of California. (*Reardon* v. *San Francisco*, 66 Cal. 492.) The wharf if built by defendants as contemplated would deprive the plaintiffs of ingress and egress to and from their lots and the navigable waters of the State.

On the eastern side of said lots the navigable waters of the Straits of Carquinez are a public highway. (Pol. Code, § 2348.) The free access to that *public water highway* was a *vested right* and privilege that belonged to the plaintiffs, and of which they could not be deprived in the manner claimed as legal in this contention. (Pol. Code, § 2919; *Schulte* v. *N. P. T. Co.* 50 Cal.

LXVII. CAL. — 35.

592; *Blanc* v. *Klumpke,* 29 Cal. 156; *Sackland* v. *N. M. R. R. Co.* 31 Mo. 181; Gould on Waters, §§ 123, 124, 149, 150, 154, and cases there cited.)

If the wharf of the defendants could be built and was allowed to stand, it would preclude the plaintiffs from building any wharf as to sixty feet of their water front, declared such by law; and would prevent ingress and egress of vessels from a wharf previously built by them on another portion of their water front, of said block of land, and this effect upon their land in the absence of all compensation would, if not prevented, result in injury grievous and irreparable, from which as threatened they should have relief.

It clearly appears by the findings that the defendants were creating a *nuisance* in the navigable waters of the State. (Civ. Code, § 3479; *Blanc* v. *Klumpke,* 29 Cal. 156.)

Under the circumstances of this case, it is not legal or equitable to construct and maintain the wharf as contended for by the defendants; it would be in disregard of private rights, and result in great and irreparable damage to private property, without compensation, for an *ostensible public use.*

There are other questions which arise, but it is unnecessary to discuss or decide them. It has been our care to examine all the many authorities cited by counsel on both sides of this controversy, which were attainable, and we have read with attention their very exhaustive briefs, but we are unable to perceive in either anything which seriously militates against the views we have expressed as being conclusive of this case.

The judgment of the court below should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is affirmed.

Hearing in Bank denied.