(February 18, 1892.)

## REDWAY ET AL. v. MOORE.

[29 Pac. 104.]

PUBLIC NUISANCE—INJUNCTION—SUIT TO ABATE BY PRIVATE PARTY—
    PLEADINGS.

PRIVATE PARTY MAY HAVE PUBLIC NUISANCE ENJOINED.—1. Equity has
    jurisdiction to enjoin a public nuisance at the suit of private
    party, if such nuisance is specially injurious to such private party.

SAME—ALLEGATIONS OF COMPLAINT.—2. The complaint should set
    forth, by positive averment, facts sufficient to show that the plain-
    tiff has sustained special injury, different in kind from that sus-
    tained by the general public; then the nuisance becomes as to
    him a private nuisance.

STATUTE DOES NOT CHANGE RULE.—3. Section 4529 of the Revised
    Statutes does not change the rule above stated as to private parties
    maintaining an action to abate a public nuisance.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

George H. Stewart and Edgar Wilson, for Appellants.

Though the keeping of a house of prostitution is a public of-
fense, and its operation involves a commission of a criminal
offense, this fact does not take away any of the jurisdiction
which courts of equity might otherwise exercise. (*People v.
City of East St. Louis*, 10 Ill. 351, 48 Am. Dec. 339; *Minke v.
Hopeman*, 87 Ill. 450, 29 Am. Rep. 63; *Attorney General v.
New Jersey Ry. etc. Co.*, 3 N. J. Eq. 136; *Mayor etc. v. Jaques*,
30 Ga. 506; *State v. Mayor etc.*, 5 Port. (Ala.) 280, 30 Am.
Dec. 564; *Attorney General v. Hunter*, 1 Dev. Eq. 12; *District
Attorney v. Lynn etc. R. Co.*, 16 Gray, 245; *Hamilton v. Whit-
ridge*, 11 Md. 129, 69 Am. Dec. 184; *Sparhawk v. Railroad Co.*,
54 Pa. St. 401.) The maintaining or keeping of a house of
prostitution is a nuisance *per se*. (Rev. Stats., secs. 3620,

6842.)  A court of chancery will restrain by injunction a nuisance which is permanent and serious, and, in determining whether such relief ought to be granted, regard will be had, not only to the comfort and convenience of the occupiers of the land, but also to the prospective effect of the nuisance in reducing the value of the land.  (*Goldsmid v. Commissioners,* L. R. 1 Ch. App. 349, 35 L. J. Ch. 382.)  A private party has a right of action for the abatement of a public nuisance.  (*Georgetown v. Canal Co.,* 12 Pet. 91; *Railroad Co. v. Ward,* 2 Black, 485; *Woodworth v. Mining Co.,* 18 Fed. 753.)

W. E. Borah, for Respondent.

The granting or dissolving a temporary injunction is a matter within the discretion of the court of original jurisdiction, and only becomes error upon a manifest and palpable abuse of that discretion.  (*Parrott v. Floyd,* 54 Cal. 534; *Payne v. Mc-Kinley,* 54 Cal. 532; *White v. Nunan,* 60 Cal. 407; *Patterson v. Board,* 50 Cal. 344; *Efford v. Railroad Co.,* 52 Cal. 277.) The function of the writ of injunction is to afford preventive relief only, and not to correct injuries had, or to restore parties to rights of which they have already been deprived.  (High on Injunctions, 3d ed., sec. 23; *Railway Co. v. Wildman,* 58 Mich. 286, 25 N. W. 193; *Ewing v. Rourke,* 14 Or. 514, 13 Pac. 483; *People v. Clark,* 70 N. Y. 518; *Cole v. Duke,* 79 Ind. 107; *Menard v. Hood,* 68 Ill. 121.)  Before private individuals can maintain an action to enjoin a public nuisance they must specifically allege and show a special injury, different in kind to that suffered by the public.  (*Fogg v. Railway Co.,* 20 Nev. 429, 23 Pac. 840; *Innis v. Railway Co.,* 76 Iowa, 165, 40 N. W. 701; *Aram v. Schallenberger,* 41 Cal. 449; *Jarvis v. Railway Co.,* 52 Cal. 438; *Bigley v. Nunan,* 53 Cal. 403; *Tibbets v. Blade,* 60 Cal. 429; *Hargro v. Hodgdon,* 89 Cal. 623, 26 Pac. 1106.)  When the nuisance is a moral nuisance, punishable by the criminal law, producing injury to the mental, moral or spiritual sense, courts of equity will never interfere.  (*Anderson v. Doty,* 33 Hun, 160; *Sparhawk v. Railway Co.,* 54 Pa. St. 401; *Attorney General v. Insurance Co.,* 2 Johns. Ch. 371; Wood's Law of Nuisance, sec. 4788; *Cope v. Association,* 99 Ill. 489, 39 Am. Rep. 30; *Cleveland v. Gaslight Co.,* 20 N. J. Eq.

201; *Owen v. Henman,* 1 Watts & S. 550; *Gray v. Ayres,* 7 Dana, 375, 32 Am. Dec. 107.) Equity will never interfere by injunction to restrain the maintenance of a public nuisance when the object sought can be attained in ordinary tribunals by abatement under the statute. (Rev. Stats., sec. 3634; *State v. Crawford,* 28 Kan. 726, 42 Am. Rep. 182; *Reid v. Gifford,* 6 Johns. Ch. 19.)

SULLIVAN, C. J.—This is an action brought by the appellants to restrain the respondent for maintaining a house of prostitution, and to recover $1,000 damages. The complaint is as follows, to wit:

"[Title of Court and Cause.]

"The plaintiffs above named complain of the defendant, and allege: 1. That plaintiffs are, and at the time of the commission of the grievances hereinafter mentioned were, lawfully seised of an estate in fee in and to real property adjacent to and fronting upon Main street, in Boise City, Idaho, and upon Warm Springs avenue, the same being said Main street, extending from the easterly boundary of said Boise City eastward, which said real property, so owned by the plaintiffs, lies and is located in the immediate vicinity of the property hereinafter described as being occupied and maintained by the defendant, Jenny Moore. 2. That said real property, so owned by plaintiffs, as aforesaid, is situated in the residence portion of Boise City, and in a tract of land adjacent thereto, occupied for residence purposes only, and is suitable and valuable for residence purposes only. 3. That the defendant was also at the time of the commission of said grievances, as hereinafter stated, and still is, the owner and possessed of certain other premises in the vicinity of the premises owned by the plaintiffs, as hereinbefore alleged. The said premises so owned and occupied by said defendant being described as follows, to wit: 'Beginning at a point south twenty-eight degrees, fifty-one minutes east, two hundred and twenty-eight feet eight inches, and south, seventy-eight degrees, thirty minutes east, one hundred and eighty-five feet six inches, and south eleven degrees, thirty minutes west, to north bank of that certain ditch known as "Valley ditch"— all the said and above angles being recorded and measured from

the quarter section corner between sections 10, 11, and the point now arrived at, on the bank of the ditch, being the place of beginning; thence north, eleven degrees, thirty minutes east, back over same course and distance to same point arrived at by the above said measurement of south seventy-eight degrees, thirty minutes east, running one hundred and eighty-five feet and six inches; thence north, seventy-eight degrees, thirty minutes west, twenty-five feet; thence south, eleven degrees, thirty minutes west, to north bank of said Valley ditch; thence northeast along north bank of said ditch, with all its meanderings, to real place of beginning.' 4. That on or about the third day of October, 1891, the said defendant completed the erection upon said last above described premises of a building, and immediately occupied, and has ever since, and does now, occupy, said building as a house of prostitution, and for the purpose of assignation and prostitution, and does therein maintain and carry on said immoral practices, and maintain said house as a public resort for immoral, lewd and obscene purposes, and as a house of prostitution and assignation; and by reason thereof the real property owned by these plaintiffs as aforesaid is rendered unfit and unsuitable and unsalable as residence property, and thereby greatly depreciated and lessened in value, to plaintiffs' damage, and each of them, in the sum of $1,000. Wherefore the plaintiffs pray judgment: 1. That the defendant be restrained by injunction from maintaining or using said premises and the buildings thereon as a house of prostitution or other immoral purposes, to the injury of the plaintiffs or either of them, or permitting the same to be so used; 2. That the plaintiffs recover from the defendant the sum of $1,000 damages, and costs of suit."

On the date the complaint was filed, the appellants filed seven affidavits, and made application to the judge at chambers for a temporary injunction to restrain the defendant from maintaining a house of prostitution on the premises described in the complaint until the final determination of this action. Upon the complaint and said affidavits the court granted a temporary injunction. On November 10, 1891, the defendant demurred to the complaint, and thereafter moved to dissolve the injunction. The motion to dissolve the injunction was heard upon

the complaint, the seven affidavits above referred to, and the affidavit of the defendant. The motion was sustained by the court, and the injunction dissolved, from which order this appeal was taken. The appellants specify-two errors, claimed to have been made by the court below, and demand a reversal of the order dissolving said injunction. The specification of errors is as follows: 1. "That the court erred in decreeing a dissolution of the injunction upon the papers filed in the case at the time such decree of dissolution was entered"; 2. "That the court erred in holding that an equity action would not lie, and that the plaintiffs had an adequate remedy at law in a criminal prosecution; that the court erred in dissolving the injunction prior to the filing of an answer upon the part of the defendant, tendering an issue upon the merits of this case."

We will first consider the second error assigned. The record does not contain the reasons given by the court below for dissolving the injunction, but counsel for appellants maintained before this court that the court below, in its decision upon said motion, held that the order granting the injunction should be vacated and set aside on the ground "that the acts complained of were criminal in their nature, and that the penal statutes afforded an adequate remedy." It is admitted that the acts charged constitute a public nuisance—a crime. In the case of *Yolo Co. v. City of Sacramento,* 36 Cal. 193 (a case decided under a statute identical with our own), the court says: "The point that the remedy is by indictment only is also untenable; for a public nuisance may be a private nuisance, and, if so, the person injured thereby may have his action. If the nuisance only affects the plaintiff in common with the public at large, it cannot have its action; but if, in addition, it obstructs it in the free use and enjoyment of its private property, it is so far a private nuisance also, and it may have its private action." That was a suit to abate a nuisance, which nuisance was a crime. Section 3631 of the Revised Statutes of Idaho of 1887 declares as follows: "The remedies against a public nuisance are: 1. Indictment; 2. A civil action; or 3. Abatement." This section makes no distinctions as to the remedy to abate nuisances which are a crime *per se* and those which are not. Section

3633 of the Revised Statutes of Idaho declares as follows: "A private person may maintain an action for a public nuisance if it is specially injurious to himself, but not otherwise." Under the provision of that section a private person may have his action to abate or restrain the continuance of a public nuisance, provided he alleges and shows that such nuisance is specially injurious to himself. (See *Yolo Co. v. City of Sacramento, supra;* 2 Story's Equity Jurisprudence, sec. 923 et seq.) In *Minke v. Hopeman,* 87 Ill. 450, 29 Am. Rep. 63, the court says: "It would be a reproach upon the powers of a court of equity to hold the complainant was bound to endure the wrongs of the defendant until a jury should pass upon the facts in an action at law." We do not think it will be seriously contended that a person may maintain a house of prostitution, and in the midst of a district populated by respectable people, and that a court of equity is powerless to grant relief upon a proper showing. A court of equity has ample power to restrain the continuance of a public nuisance at the suit of a private party when he alleges and shows that such nuisance is specially injurious to himself. When that is shown, then the nuisance becomes, as to him, a private nuisance, constituting special and peculiar injury, distinct from that sustained by the public, for the abatement of which he may maintain his action, whether such nuisance is a crime *per se* or not; but in order to avail himself of this remedy he must allege and show special injury. (*Hamilton v. Whitridge,* 11 Md. 128, 69 Am. Dec. 184; 2 Story's Equity Jurisprudence, *supra; Yolo Co. v. City of Sacramento, supra.*) It is conceded that courts of equity have power to restrain and abate public nuisances, such as tallow factories, lime-kilns, slaughter-houses, and pig-sties, at the suit of a private person, upon proper allegations and proofs; and no reason or authority has been presented to show that courts of equity are powerless to suppress a nuisance so offensive and intolerable as a house of prostitution in a respectable part of a city. The case of *Anderson v. Doty,* 33 Hun, 160, is cited by respondent as an authority in her favor. In that case the court says: "The general rule is well settled that a private individual cannot restrain a public nuisance by his private action unless he suffers damage different in kind from that which the nuisance causes

all other people"; and further on says: "In this case there are
alleged no offensive sights or sounds from defendant's house."
After thus stating the general rule as to private persons main-
taining actions to restrain public nuisances, and stating that
the complaint alleges no offensive sights or sounds from defend-
ant's house, the court further says: "It is the duty of the plain-
tiff to apply to those tribunals to which the law has given the
power, not only to punish the guilty persons, but to abate the
nuisance." We understand from this decision that if the
plaintiff had not made out a case which brought him within the
rule showing special injury to himself, he was not entitled to
an injunction. Justice Barker rendered a dissenting opinion
in that case, in which he held that the complaint stated facts
sufficient to show that plaintiff had suffered special injury, and
that he was entitled to an injunction restraining the continu-
ance of the nuisance. Justice Barker, after citing numerous
authorities, says: "The principle established by these decisions
is, when the act complained of, or which is apprehended, be-
sides being a public nuisance, would be injurious to a private
person, he may maintain an action at law for damages, or a
bill in equity for an injunction, in his own name"; and holds
that the allegations of the complaint are sufficient to warrant
the issuance of the injunction. Justice Rumsey, who delivered
the opinion of the court in that case, in commenting upon
*Hamilton v. Whitridge,* 11 Md. 128, 69 Am. Dec. 184, says: "I
do not think it is an authority for the issue of a mandatory in-
junction to punish a crime already committed, or to prevent the
commission of a new crime, or to abate a nuisance which can be
abated by the judgment of the criminal court." We think that
*Hamilton v. Whitridge, supra,* is an authority sustaining the
rule that a private party may maintain an action to abate a
public nuisance, if it is shown that such nuisance is specially
injurious to the person bringing the action, whether the nui-
sance could be abated by the judgment of a criminal court or
not, although that was an action to prevent the opening of a
house of prostitution, not to abate one already in operation. It
will be observed that the decision in *Anderson v. Doty, supra,*
turned on the sufficiency of the allegations of the complaint
to bring the party within the rule stated, as we understand it.

The right of a private party to maintain an action to abate a public nuisance is given by section 3633 of the Revised Statutes, provided such nuisance is specially injurious to the person who brings the action. If a private person brings an action in a court of equity to abate a public nuisance, and makes the proper allegations to bring him within the provisions of said section 3633, the court cannot say to him: "We will not grant you the relief prayed for. You must resort to the criminal court, because it has the power not only to abate the nuisance, but to punish the criminal." The right to such an action is given by statute, and the courts shall not deprive the party entitled thereto of such right. The principle established by the decided weight of authority is, when the act complained of, besides being a public nuisance, is specially injurious to a private person, he may maintain a suit in equity for an injunction to restrain the continuance of such nuisance in his own name. The appellants contend that this action was brought under section 4529 of the Revised Statutes of Idaho of 1887, which section provides as follows: "Anything which is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action. Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance; and by the judgment the nuisance may be enjoined or abated, as well as damages recovered." That, by reason of the provisions of said section, the general rule as declared in section 3633 of the Revised Statutes of Idaho of 1887 is modified to this extent: that a private person may maintain an action to abate a public nuisance without alleging or showing a special injury different in kind to that suffered by the public. Said section was copied from the statute of California, and prior to its adoption by the legislature of Idaho the supreme court of California had decided that said section did not change the general rule that a private party, to maintain an action to abate a public nuisance, must show special injury to himself. (*Blanc v. Klumpke,* 29 Cal. 159; *Yolo Co. v. City of Sacramento,* 36 Cal. 195; *Grigsby v. Water Co.,* 40 Cal. 406; *Fogg v. Railway Co.,* 20 Nev. 429, 23

Pac. 840; *Innis v. Railway Co.,* 76 Iowa, 165, 40 N. W. 701; *Proser v. City of Ottumwa,* 42 Iowa, 511.) Aside from the construction above indicated and adopted, sections 3633 and 4529 of the Revised Statutes of Idaho are contemporaneous legislation, and must be so construed as to give effect to both, if possible.

The second error assigned is that the court erred in dissolving the injunction upon the complaint and affidavits. It is contended by the respondent that the complaint does not state facts sufficient to warrant a court in granting a temporary injunction; that the pleader should set forth the equities on which his application is based, by positive averments; and that argumentative allegations, or inferences drawn from facts stated, will not meet the requirements of the rule. The serious question in this case is as to whether the facts alleged in the complaint, and supported by the affidavits, make a case for granting temporary injunction to restrain the acts complained of until the final determination of the case. The complaint alleges the ownership of certain lands by the plaintiffs (but not whether such ownership is joint or several), the ownership of certain premises by the defendant, and the maintenance of a public nuisance thereon by her; that, by reason of the maintenance of said nuisance, the real property so owned by plaintiffs is rendered "unfit and unsuitable and unsalable as residence property," and thereby greatly depreciated and lessened in value, to the plaintiffs' damage in the sum of $1,000. There is no allegation of any disorderly or boisterous conduct on the part of the defendant, or on the part of those who frequent her resort, or that any person frequents said resort. They do not allege any offensive sights or sounds from defendant's premises. They do not allege that, by reason of the conduct of defendant, or of the conduct of those who frequent her resort, the comfortable use and enjoyment of said property of plaintiffs is in any manner interfered with, or that plaintiffs have lost any sales or tenants by reason of said nuisance. There is no allegation that either of the plaintiffs, or any person whatever, resides upon the lands of plaintiffs. There is no allegation that defendant threatens to or will continue the maintenance of said nuisance, to the further damage of plaintiffs, unless restrained

during the pendency of this suit.   We do not say that plaintiffs must make all the allegations above alluded to; but they should allege, by positive averment, sufficient to come within the rule permitting private parties to maintain an action to abate a public nuisance.   If the court below for a wrong reason arrived at a correct conclusion, the conclusion will be sustained, regardless of the wrong reason.   The action of the judge of the court below in dissolving the injunction is affirmed, with costs in favor of respondent.

Huston and Morgan, JJ., concur.