[L. A. No. 4933. Department Two.—May 31, 1919.]

J. W. HITCH, Respondent, v. IGNAS SCHOLLE, Appellant.

[1] PUBLIC NUISANCE—OBSTRUCTION OF PUBLIC HIGHWAY—ABATEMENT BY PRIVATE PERSON—PLEADING—INSUFFICIENT COMPLAINT.—In an action to secure a judgment decreeing the existence of a public highway over the lands of the defendant and to enjoin the defendant from obstructing the same, the complaint fails to state a cause of action where it is alleged that the way in question is a public

highway, and there is a failure to allege that the highway consti-
tutes the only mode of ingress and egress to and from plaintiff's
lands.

[2] Id.—Abatement of Public Nuisance—Private Action.—If an
obstruction which is wrongfully erected and maintained in a public
highway constitutes a nuisance which injuriously affects a private
person equally in common with the public at large, a private action
may not be maintained to abate the nuisance. It is only where the
free use of the property of a private person is interfered with by
such an obstruction that he may have his private action to abate
the nuisance resulting therefrom.

[3] Id.—Special Injury—Evidence—Highway as Only Convenient
Route.—In such action, evidence to the effect that the highway
constituted plaintiff's only convenient mode of ingress and egress,
but that there was another route available over other public high-
ways which he sometimes used, is not sufficient to support a find-
ing of special injury.

APPEAL from a judgment of the Superior Court of
Ventura County. Merle J. Rogers, Judge. Reversed.

The facts are stated in the opinion of the court.

Chas. F. Blackstock for Appellant.

Bowker and Sheridan and W. E. Shepherd for Respond-
ent.

LENNON, J.—In this action, the plaintiff sought and se-
cured a judgment decreeing the existence of a public highway
over the lands of the defendant, and as an incident of the
judgment the defendant was perpetually enjoined from ob-
structing said highway. The action is, as the defendant
contends, one to abate a public nuisance by a private person
not alleged to have been specially injured thereby. [1] The
complaint, therefore, does not state facts sufficient to con-
stitute a cause of action and the defendant's demurrer upon
that ground should have been sustained.

[2] It is well settled that if an obstruction which is
wrongfully erected and maintained in a public highway con-
stitutes a nuisance which injuriously affects a private person
equally in common with the public at large, a private action
may not be maintained to abate the nuisance. (*Blanc
v. Klumpke*, 29 Cal. 156.) It is only where the free use of
the property of a private person is interfered with by such

an obstruction that he may have his private action to abate
the nuisance resulting therefrom. (Civ. Code, secs. 3479,
3493; *Yolo County* v. *City of Sacramento,* 36 Cal. 193, 195;
*Grigsby* v. *Clear Lake Water Co.,* 40 Cal. 396, 406; *Shirley*
v. *Bishop,* 67 Cal. 543, 546, [8 Pac. 82] ; *Gardner* v. *Stroever,*
89 Cal. 26, 29, [26 Pac. 618].)

The complaint herein alleged in substance that the plaintiff
was the owner of certain farming land in the county of
Ventura, upon which he raised lima beans, hay, and other
crops commonly grown and harvested in that particular
vicinity; that ingress and egress to and from this land was
necessary in order to take his crops to market and for other
purposes; that the defendant owned certain land in the
vicinity subject to an easement of way in the public; that
the defendant had obstructed this public highway by build-
ing and maintaining a fence across it and was threatening
to plow up the said highway, and that the plaintiff would
suffer great and irreparable injury if these acts were not en-
joined. The allegations of one of the paragraphs of the
complaint were stricken out upon the motion of the defendant
upon the ground that they were redundant, irrelevant, and
immaterial. These particular allegations did no more than
declare that the plaintiff's land was devoted to farming pur-
poses and that for these purposes ingress and egress to and
from the land was necessary. Neither these allegations nor
any other allegations in the complaint averred that the high-
way in question affords the only mode of ingress and egress
to and from the plaintiff's land.

The complaint cannot be considered as attempting to state
anything more or less than a cause of action to abate a pub-
lic nuisance. The allegation that the way in question is a
public highway is necessarily inconsistent with the existence
of any private right therein in the plaintiff. So considered,
the complaint is vitally defective for the reason that it fails
to allege that the highway in question constitutes the only
mode of ingress and egress to and from the lands of the
plaintiff. (*Houck* v. *Wachter,* 34 Md. 265, [6 Am. Rep.
332] ; *Scrutchfield* v. *Choctaw etc. R. R. Co.,* 18 Okl. 308,
[9 L. R. A. (N. S.) 496, 88 Pac. 1048].) There is, indeed, an
allegation of irreparable injury, but it is unsupported by
the allegation of any fact showing wherein that injury would
differ in kind from the injury which would be suffered by
the public in general.

The defendant did, in his answer, deny that the plaintiff would suffer special injury, but that portion of the answer was stricken out upon motion before the trial. Nor can it be said that the issue of special injury was raised at the trial itself. There was no finding on the question of special injury, although a finding that the plaintiff would suffer such injury by reason of an obstruction of the highway was essential to support the judgment, inasmuch as it was found that the said highway was in fact a public highway.

[3] The evidence adduced on behalf of the plaintiff was to the effect that the highway in question constituted his only convenient mode of ingress and egress, but that there was another route available over other public highways which he sometimes used. This evidence would not, we think, be sufficient to support a finding of special injury. The weight of authority is to the effect that in actions of this character it should clearly appear from the pleadings and by the proof that the way in question constitutes the only means of ingress and egress to and from the land of the plaintiff. In short, there is no ground for an action by a private person to abate a public nuisance resulting from the obstruction of a public highway where it merely appears that the person would be subjected to personal inconvenience by the obstruction or placed under the necessity of traveling by a much more circuitous route to reach his destination. (*Houck* v. *Wachter, supra.*)

This view of the case makes it unnecessary to decide whether the evidence supports the finding that the way in controversy was in fact a public highway.

The judgment appealed from is reversed.

Melvin, J., and Wilbur, J., concurred.