[Civ. No. 22672. First Dist., Div. Three. Mar. 31, 1966.]

FRANCIS N. WOODS et al., Plaintiffs, Cross-defendants and Appellants, v. MILTON A. JOHNSON et al., Defendants, Cross-complainants and Respondents.

Crump, Bruchler & Crump and Bruce B. Bruchler for Plaintiffs, Cross-defendants and Appellants.

Phil N. Crawford for Defendants, Cross-complainants and Respondents.

DEVINE, J.—Appellants appeal from a judgment denying them an injunction and awarding respondents, as cross-complainants, damages both compensatory and exemplary for the commission of a nuisance. The nuisance charged in the cross-complaint is that of directing offensively loud noise, by means of loud-speakers, towards respondents' home and property. The evidence clearly sustains judgment on the cross-complaint. According to the evidence, appellant husband had announced his intention to blast respondents off their property by the noise. His statement that what he had said was but jest was rejected by the trial judge, as appears from the award.

The appeal from the judgment denying injunction is based on these propositions: (1) the boundary between a private owner's property and the state's at the shore of a navigable lake (Clear Lake) is at low water mark; (2) respondents have built a fill which extends beyond the low water mark; (3) appellants are specially injured; they are the owners of parcels at each side of respondents' land.

We affirm the judgment on our conclusion upon the third of these propositions.

### Appellants' Property

A description of appellants' property and its uses is first in order, because, as is held in authorities cited below, appellants had the burden, in the trial court, of showing substantial injury in order to entitle them to injunction; and, of course, on appeal their burden is weightier by reason of applicable principles which need no citation of authority. Appellants own a large parcel of land on the south shore of Clear Lake, on which there is a summer resort. They own a home, too, on the lake, the two properties being separated by respondents' parcel. The shoreline of the resort property consists of a fill for a length of about 600 feet. The fill is similar to that used by respondents. Appellants' fill ends with a wall of rock on the lake front just as does the fill of which appellants complain. There is one place on the filled shoreline of the resort parcel where descent to the lake is possible without the need for clambering down the steep and rocky wall, that is, a boat ramp at the end of the resort parcel adjacent to respondents' property. There are piers and floats into the lake opposite the resort parcel. There is a pier projecting into the lake from appellants' home parcel. No beach exists along the resort parcel because of the fill and its rocky retaining wall. Nor, it would appear from the photographs, is there a particularly usable beach on the home parcel owned by appellants. Landward of the small beach, there is a stone wall on this parcel.

### Respondents' Property

The fill which respondents have constructed extends some three feet into the bed of the lake beyond the ramp on appellants' resort property, but, because of the curvature of the shoreline, it extends about 15 feet into the lake bed beyond the margin of appellants' home property. ▮ The judge found that respondents do not intend to extend the fill; wherefore, injunction to prevent expansion is unnecessary.

### The Law

Admittedly, respondents' fill does not encroach on lands of appellants, nor does it lie upon land directly lakeward to appellants' property, as in *San Francisco Savings Union* v. *R. G. R. Petroleum & Min. Co.*, 144 Cal. 134 [77 P. 823, 103 Am.St.Rep. 72, 1 Ann. Cas. 182, 66 L.R.A. 242]. ▮ If it does encroach on property of the state, it constitutes a purpresture (the word is derived from the French "pourpris," meaning an enclosure). It may amount to a particular

kind of nuisance. (*People* v. *Gold Run Ditch & Min. Co.*, 66 Cal. 138, 146 [4 P. 1152, 56 Am.Rep. 80].) A purpresture belongs to the state. (*Yokohama Specie Bank, Ltd.* v. *Higashi,* 56 Cal.App.2d 709 [133 P.2d 487].) The People, acting by the Attorney General or a district attorney, may take action against a purpresture when it constitutes a nuisance. (*People* v. *Gold Run Ditch & Min. Co., supra,* p. 152; *People* v. *Davidson,* 30 Cal. 379, 390.) ■ The state, acting by the State Lands Commission, may allow a littoral owner to wharf out on payment of fees, or may proceed in ejectment against one who trespasses on submerged lands without permit. (23 Cal.Ops.Atty.Gen. 306; Pub. Resources Code, §§ 6301, 6302; see *Dana* v. *Jackson Street Wharf Co.,* 31 Cal. 118, 120 [89 Am.Dec. 164].)

■ But what right has an adjacent property owner to injunction against a purpresture upon the state's land? If it amounts to a nuisance, he may have injunction, but he must show special injury to himself. (Civ. Code, § 3493.) This general rule applies to obstructions to navigation. (*Blanc* v. *Klumpke,* 29 Cal. 156; *Shirley* v. *Bishop,* 67 Cal. 543 [8 P. 82] ; *San Francisco Savings Union* v. *R. G. R. Petroleum & Min. Co., supra.*) Proof of substantial injury, actual or potential, is required. (36 Cal.Jur.2d § 54, p. 528.)

*Asserted Special Injury*

Appellants assert two kinds of special injury: (1) to their right to navigation; (2) to use of that part of the lake which has been filled, for purposes of fishing, wading and walking in the shallow water or along the beach.

■ *Navigation*: The trial judge found that respondents' fill does not significantly interfere with navigation rights of appellants. The judge had informed himself not only by testimony, by maps and photographs, but also by a visit to the site. His finding could not be disturbed without the most positive showing against his finding. Not only is such showing lacking, but appellants have not been able to give us more than a shadow of proof of interference with navigation. Appellants have run piers into the water from which, presumably, they operate whatever boats they or their guests may have. Appellant Woods testified that when the water is rough it is more difficult to get the boats now that the fill is there, but there is no testimony about the number of days or hours affected, nor the number of boats. The trial judge, of course, was at liberty to give the testimony little, if

any, weight. Besides, the court may have taken into consideration, this being a suit in equity, that appellants themselves have constructed a pier under which it is not possible for anyone to move a boat when the water is high.

*Passage*: Woods testified that before respondents constructed the fill, he would wade and walk in the water while going between his two lots. He could not say whether the guests in the resort used the property which is now covered by the fill. There has been, however, no obstruction along the county road which runs along the upland margin of both of appellants' parcels. ■ Some inconvenience to plaintiffs by obstruction of passage need not constitute special injury where there is an alternate thoroughfare. (*Hitch* v. *Scholle,* 180 Cal. 467 [181 P. 657].) There is an inadequate description of the extent of use made by appellants of the shallow water passage between the two parcels. The trial judge may very well have had in mind the fact that Woods admittedly had constructed his own fill on the resort property a length of 600 feet and down to the low water mark. He may have taken into account the possibility that when traversing the Johnson shore before the fill was there, Woods or his family may not always have refrained from walking on Johnson's as distinguished from the state's property and that if the fill were wholly or partially removed by injunction, it would be difficult to see to it that appellants confined their passage to state's property.

■ The matter of granting or denying an injunction rests preeminently with the trial judge and will be disturbed only where there has been an abuse of discretion. We find none here.

We deem it inappropriate for the court in this case to review the sufficiency of the evidence, which is rather complicated, to sustain the trial judge's finding that the Johnson fill does not extend beyond the low water mark or to define the law relating to the extent of the littoral owner's domain as against the state, because the state is not a party to the cause and because decision on these matters would involve a multitude of property rights of other persons.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.